THE BANK COMMISSIONERS OF THE STATE OF NEW-YORK
*vs.* THE ST. LAWRENCE BANK and HENRY VAN RENSSE-
LAER, president of said association.

A banking association, being embarrassed, authorized its president and cashier
to raise money to redeem the circulating notes of the bank. In pursuance of
that authority they purchased a large amount of state stocks, and gave therefor
the notes of the bank, (or what purported to be such,) signed by the president
and cashier, payable at future periods. The stocks were applied to the use of
the bank. The notes being protested for non-payment, the president, on being
applied to, paid the same. *Held,* that the president had a valid legal claim
against the bank, to be reimbursed for the amount so paid by him; and that
upon the failure of the bank, he was entitled to come in as a creditor thereof,
before the receiver, and have his claim allowed.

IN April, 1841, the St. Lawrence Bank being embarrassed,
authorized Henry Van Rensselaer, the president, and Egbert N.
Fairchild, the cashier of the bank, to raise money to redeem the
circulating notes of the bank. In pursuance of that authority,
they purchased of the City Bank, in Albany, a large amount
of state stocks, and gave therefor fifteen notes, amounting in the
aggregate to $38,069,77, but for different sums and payable at
different times, in the following form:

"St. Lawrence Bank, Ogdensburgh, April 21, 1841.
$3000.

Ten months after date, the St. Lawrence Bank promises to
pay to the order of George W. Shepard, at the Albany City
Bank, three thousand dollars, with interest, value received.

H. VAN RENSSELAER, President.
E. N. FAIRCHILD, Cashier."

The notes were indorsed by George W. Shepard, H. Thomas,
S. Gilbert, Wm. Brown, B. S. Doty, E. N. Fairchild, and H.
Van Rensselaer.

The notes were protested for non-payment, and Henry Van
Rensselaer was called upon for payment, and he paid the notes

to the amount of $38,069,77, besides interest.  The St. Lawrence Bank became insolvent, and its property was put into the hands of a receiver, and after he had converted that property into money, a referee was appointed to ascertain, amongst other things, who were the creditors of the bank, and the sums due to them respectively, and to report to what sum each was entitled out of the assets of the bank which had come into the hands of the receiver.  The referee reported, on the 1st of November, 1848, that the claims of the said Henry Van Rensselaer against the St. Lawrence Bank were $76,680,32, and that he was entitled to receive out of the assets of the bank, $12,127. The Farmers' Loan and Trust Company, a creditor of the bank, excepted to the report of the referee, in so far as it related to the claims or sum allowed to the said Henry Van Rensselaer. The exception was heard before the Hon. John Willard, at a special term of the supreme court, held at Canton, in the county of St. Lawrence, on the 3d day of September, 1849, and he disallowed the exception, with costs.  A motion was made at a general term of the supreme court, on behalf of the Farmers' Loan and Trust Company, for a rehearing, which was granted, and the cause was argued upon the merits.

*C. W. Baldwin,* for the Farmers' Loan and Trust Company.

*B. Perkins,* for H. Van Rensselaer.

*By the Court,* CADY, J.  The exception to the report of the referee was, that no valid subsisting legal demand in favor of Henry Van Rensselaer against the St. Lawrence Bank, was proven before the referee.  And in support of that exception, it was, upon the argument, insisted that the notes which were paid by Mr. Van Rensselaer were void; that he was not under any legal obligation to pay them; and that the payment made by him was voluntary, and gave him no legal claim against the St. Lawrence Bank.  This argument is not according to the equity of the case.  Mr. Van Rensselaer was

one of the officers of the bank, authorized by a resolution of the board of directors to raise money for the bank to pay its circulating notes. In pursuance of that authority, he purchased state stocks from the City Bank of Albany, and for those stocks the fifteen notes were given. The notes were protested, and Mr. Van Rensselaer was called on to pay the notes, and he did pay them. By paying the notes, he paid for the stock which had been applied in paying the circulating notes and debts due from the bank. And I can discover no difficulty in holding that when Mr. Van Rensselaer paid the notes, he paid money at the request and for the use of the bank. He acted as the agent of the bank in giving and paying the notes, and thereby became a creditor of the bank.

The notes are said to be void, by the fourth section of the act of the 14th of May, 1841, which forbids any banking association or individual banker, as such, to issue or put in circulation any bill or note of the said association or individual banker, unless the same be payable on demand, and without interest. In the case of *Swift and others* v. *Beers,* (3 *Denio,* 70,) the supreme court held that such a note was void, and that a guaranty of the payment of such a note was also void ; but it did not appear in that case that the guarantor had received any consideration for the guaranty ; and without a consideration he would not be liable. His undertaking was to pay the debt of *another.* I know of no case in which it has been held that the bona fide indorsee of such a note might not recover against his indorser. In this case the City Bank of Albany was a bona fide indorsee of the notes for value; that bank may have parted with the state stocks upon the credit of the indorsers.

It has not yet been decided that an officer of a bank who makes a note in the name of the bank, does not bind himself, although he does not bind the bank. Mr. Van Rensselaer made the notes as president of the bank ; but as president of the bank he had no right to make such notes; he did not thereby bind his principal. But I see no objection to holding that he bound himself. But whether he did or did not bind himself as

maker and indorser of the notes, he as the agent of the St. Lawrence Bank, purchased and paid for the stock for the bank, and as a creditor is entitled to the sum awarded to him by the referee; and the decree of Justice Willard ought to be affirmed, with costs.

Decree affirmed.

---

WAYNE SPECIAL TERM, April, 1850.     *Selden,* Justice.