*515
 
 *Ga.rdiner, J.
 

 The claim of Mr. Van Rensselaer, as I understand it, is upon the fifteen notes made by him as president of the Bank of St. Lawrence, and indorsed by him and others individually. These notes were subsequently paid by Mr. Van Rensselaer, as appears by the letter of the cashier of the Albany City Bank. They were originally given for stock purchased of the City Bank, and afterwards sold to the American Exchange Bank — the. purchase being made under a resolution of the St. Lawrence Bank authorizing the president and cashier to raise money to redeem the circulating notes of that institution.
 

 The question is, whether the bank was liable upon the notes, as maker. And, first, the notes were made in violation of the statute, which provides that no banking association shall issue or put in circulation any bill or note of said association, unless the same shall be made payable on demand, and without interest. (Statutes of 1840, p. 306, § 4.) These notes were on time, varying from four to twelve months, and upon interest; they were consequently void. (3 N. Y. and cases cited.) No action could have been maintained against the association upon them, on behalf of the original payees, and certainly not, on behalf of the indorser, who himself was president and aided in the violation of the law. Should it be admitted, that the City Bank could have recovered against Van Rensselaer, it would not aid him in this proceeding. I do not see how an
 
 assumpsit
 
 can be implied in favor of the president, from a transaction which the law declares to be a misdemeanor on the part of that officer.
 

 *The resolution of the directors authorized the f president and cashier to raise money to redeem *- the circulating notes, but this object we are bound to presume was to be effected in a legal manner. It is enough, that the corporation could be bound in no
 
 *516
 
 other way, either by the financial officers or the directors of the bank.
 

 II. The purchase of the stock for the purpose of pledging or selling it as a means of raising money, is not within the powers conferred upon the association by the 18th section of the statute to authorize the business of banking. Such an operation would be evidence, of itself, that the institution was seriously embarrassed, if not insolvent, and cannot with any propriety be deemed a necessary incident to the power of banking. Since this cause was argued, the case of the
 
 State of Ohio
 
 v.
 
 Leavitt
 
 (ante 328), in this court, has been decided, and the question as to the power of banking associations to purchase stock for the purpose of traffic, or with a view to a sale to sustain their credit, has been decided in the negative. The judgment in that case is decisive of the point now under consideration.
 
 (Dickerson
 
 v.
 
 Valpy,
 
 10 Barn. & Cress. 128.)
 

 As the association was authorized to purchase stocks for a special purpose (Law of 1838, § 2) the court would imply, in the absence of proof, that they were lawfully acquired. But here the evidence is explicit, that the purchase was made under a resolution to raise money, and for that object alone. The City Bank, who were the vendors, might have been ignorant of the use to be made of their property, but the president who conducted the negotiation in behalf of the vendees is to be charged with full knowledge that he was acting without authority to bind the association.
 

 It is said, that the money realized by the sale of the stock, and which was appropriated to the payment of the circulating notes, was money paid for the use of the corporation. There is no evidence what amount was thus realized. The claim preferred is on the notes, or for money paid by Van Rensselaer in taking them up. It is the sum agreed to be paid for the bank, and not what was received by the association from the sale of
 
 *517
 
 the stock, *which was allowed by the referee, _ and is the .subject of the exception. I think, the exception well taken, and that the decree should be reversed.
 

 Per Curiam.
 

 Ordered, that the judgments of the supreme court, at the special and general terms, be reversed, and the exception of the Farmers’ Loan and Trust Company to the report of the referee be allowed; and that the cause be remitted to the supreme court t<? be proceeded in accordingly.
 

 Judgment accordingly.