# NOTES OF CASES DECIDED

###### IN THE

# COURT OF APPEALS,

#### DECEMBER 30, 1852.

## THE BANK COMMISSIONERS OF THE STATE OF NEW YORK and others *against* THE ST. LAWRENCE BANK, and HENRY VAN RENSSELAER, President, &c.

Banks being prohibited, by statute, from giving notes on time, or on interest; *held*, that where promissory notes were issued by a bank, payable at various times, from two to thirteen months from date, with interest, for the purpose of purchasing stocks to raise money to redeem the circulating notes of the bank, such notes were void.

*Held*, also, that the payment of such notes, by an indorser, gave him no claim against the bank, either on the notes, or for money paid. And this, whether he was, or was not, liable as indorser, to the holder.

THE defendant (Van Rensselaer), late president of the St. Lawrence Bank, presented to the referee appointed to pass the accounts of the receiver, and to take proof of the claims against the bank, fifteen promissory notes of the bank, amounting to $38,000, as a debt due

to him from the bank, and the claim was allowed. Another creditor excepted to the report in this respect. The notes were executed by the president (Van Rensselaer) and the cashier, in pursuance of a resolution of the directors, authorizing them to purchase stocks, to raise money to redeem the circulating notes of the bank. They purchased stocks of the Albany City Bank, and gave the notes in question in payment for them. The notes were dated in April and October, 1841, payable at various times, from two to thirteen months from date, with interest, and were indorsed by Van Rensselaer and other persons. The stocks purchased were sold, and the proceeds applied in redemption of circulating notes of the bank. The notes claimed were paid to the Albany City Bank by Van Rensselaer, as indorser.

*Held*, that the bank was prohibited by statute from giving notes on time, or on interest, and that they were, therefore, void.

That the payment of the notes by Van Rensselaer gave him no claim against the bank, either on the notes, or for the money paid. That it made no difference, in this respect, whether he was, or was not, liable to the Albany City Bank as indorser.

The claim made before the referee was on the notes, and for the money paid in taking them up. If the payment of the circulating notes of the bank, with the money realized for the stocks, furnished any ground of action against the bank, it could not be allowed under this claim.

(See S. C. in Sup. Court, 8 Barb. 436; in Court of Appeals, 7 N. Y. 513.)