The order appealed from was properly made and must be affirmed, with costs.

HALL and HYATT, JJ., concurred.

Affirmed by common pleas, general term, January 5, 1886.

---

## SUPREME COURT.

JACOB SPRING and JOHN H. SPRING agt. WILLIAM T. QUANCE.

*Promissory note—Given for a patent right, such fact not being indicated on face of note is void—Laws of 1877, chapter 65.*

A promissory note given and taken by plaintiffs, for a patent right, which fact was not indicated upon the face of the note as required by statute (*Laws of* 1877, chap. 65), which statute makes such taking a misdemeanor, cannot be enforced by plaintiffs and in their hands at least is absolutely void.

Whether plaintiffs can recover the consideration for which the note was given ? (*Quære.*)

*Special Term, December*, 1885.

ACTION upon a promistory note. Defense that note was given for a patent right, which fact was not indicated upon the face of the note as required by the statute, and the note was therefore void; the facts are all conceded; the only question is whether the note is valid or void.

*S. L. Snyder*, for plaintiffs.

*A. C. & E. C. Woodruff*, for defendant.

WILLIAMS, *J.*—The statute (*chap.* 65, *Laws* 1877) provides in substance, "Whenever any promissory note shall be given

for a patent right, the words 'given for a patent right,' shall be written or printed on the face of the note, and such a note in the hands of any purchaser or holder shall be subject to the same defenses as in the hands of the original owner or holder; and any person who shall take, sell or transfer such a note without such words on its face, knowing what the note was given for, shall be guilty of a misdemeanor."

This statute does not in express terms provide the note shall be void; it does make the taking of the note a misdemeanor, and it in effect provides the note shall not be given without these words upon the face, because it provides whenever any such note shall be given it shall have these words upon its face. It seems to me to follow, therefore, that this note was taken by plaintiffs in violation of the statute; that the statute prohibits the giving or taking of such a note. If I am right about this proposition, it is difficult to see how I am to avoid the necessary conclusion that the note is utterly void.

The case seems to be analogous to those cases decided under the statute of 1840, prohibiting banking associations from issuing or putting in circulation any bill or note unless payable on demand without interest. In *Leavitt* agt. *Palmer* (3 *N. Y.*, 32), which was an action relating to some of these bills or notes, the court says: "I feel no difficulty in agreeing with the supreme court, that these notes are illegal and void. They were issued in direct violation of a statute which provides, 'no banking association shall issue or put into circulation any bill or note of said association unless the same shall be made payable on demand without interest, and every violation of the statute is made a misdemeanor.'

As the issuing of the notes was expressly prohibited by law, it is impossible to maintain that they are valid securities. To hold that they can be enforced, would be going very far towards defeating the end which the legislature had in view. The legal liability on account of which the notes were issued still remains, but the notes themselves are void."

In *Bank Commissioners* agt. *Bank* (7 *N. Y.*, 515), which was

an action relating to some of these notes, the court says: "The notes were made in violation of the statute (of 1840), and were therefore void. No action could have been maintained against the association upon them, in behalf of the original payees, and certainly not in behalf of the endorsee who was himself president of the association, and aided in the violation of the law." This principle is laid down, and these authorities are cited as sustaining it in *Edwards on Bills, &c., vol.* 1, *sec.* 485.

In *Barton* agt. *Plankroad Co.* (17 *Barb.*, 404), the court says: "The contract in question was within the express prohibition of the statute. The section is only prohibitory in its terms; it does not declare in so many words that all such contracts shall be void, but that is not necessary. Every act done against a prohibitory statute is not only illegal but absolutely void; the court cannot assist an illegal transaction in any respect. It has been repeatedly decided that all contracts contrary to the provisions of statute, are void, and it is a general rule that courts will not aid either party in enforcing an illegal executory contract."

In *Palmer* agt. *Minor* (8 *Hun*, 346, 347), a note given under a statute of Pennsylvania, like the one now existing in this state, was assumed to be void as between the original parties and those who stood in no better position than the original parties. I must hold in this case that the note, having been given and taken by plaintiff in violation of a statute which makes such taking by plaintiff a misdemeanor, cannot be enforced by plaintiffs, and, in his hands at least, is absolutely void. Whether plaintiff can recover the consideration for which the note was given, I am not called upon here to decide. The action here is based upon the note and that alone, and, being unable to recover upon the note, the complaint must be dismissed with costs.

I think no principle of estoppel is applicable here. Findings will be prepared in accordance with this decision, and presented for signature.