### Swift and others *vs.* Beers.

The provision in the act of 1840, amending the general banking law, (*Stat.* 1840, *p.* 304, § 4,) applies to and renders illegal all promissory notes made by a banking association, unless made payable *on demand and without interest*, though not intended to circulate as money.

A guaranty of such a note is likewise void.

Assumpsit tried at the New-York circuit in February, 1844, before Kent, late C. Judge. The plaintiffs gave in evidence a promissory note with a guaranty written under it, signed by the defendant, in the following words:

" New-York, 30th June, 1841.

"Sixty days after date the North American Trust and Banking Co. promise to pay to the order of Messrs. Swift & Co. thirty-seven hundred dollars, for value received, with interest, having deposited with them as collateral security seven bonds of this company, secured under the Yates trust—three for one thousand dollars," [giving the amounts and numbers of the bonds.]

" Thomas G. Talmage, Pres't."

"For value received, I guarantee the payment of the above note at the time mentioned.  J. D. Beers."

It was admitted that the North American Trust and Banking Company was a banking association, organized under the general banking law.

The defendant's counsel moved for a nonsuit, insisting that the note and guaranty were illegal and void: and the circuit judge being of that opinion, directed a nonsuit to be entered.

*D. Graham, Jr.*, for the plaintiffs, now moved to set aside the nonsuit, and for a new trial. He denied that by the true construction of the 4th section of the act of May 14, 1840, amendatory of the general banking law, (*Stat.* 1840, *p.* 306,) all notes on time or on interest, were forbidden to be issued by the banking associations—but only such as were intended to be issued or put into circulation as money. He referred to *Stat.* 1838, *p.* 246, § 3; *Safford* v. *Wyckoff*, (1 *Hill*, 11;) *Smith* v. *Strong*, (2 *id.* 241;) and *Safford* v. *Wyckoff*, (4 *id.* 442.) He also insisted that if the note were void, the guaranty was valid: and that a recovery could be had against the defendant either as a sole or a joint maker; and cited 17 *Wend.* 40; 19 *John.* 60; 1 *Hill*, 256; 4 *id.* 420; 19 *Wend.* 202; 17 *id.* 214.

*S. Sherwood*, for the defendant. The note is illegal and void—being in direct violation of the act of 1840; and the defendant's guaranty being incidental and auxiliary to the principal contract, is also void. (*Story on Bills, ch.* 6, § 187, *p.* 277, *note* 1; *Nellis* v. *Clark*, 20 *Wend.* 27; 4 *Pick.* 314; 4 *Peters*, 184.)

The case was decided at the close of the argument.

*By the Court*, BRONSON, Ch. J. We have no doubt about this case. The note is directly within the terms of the prohibition of the act of 1840; and we do not doubt but that it was equally within the intention of the legislature. That act has no reference to the circulation of such notes as money, but was designed to prohibit them altogether for any purpose.

The guaranty partakes of the character of the principal contract. It was intended to reinforce and secure it—and is equally illegal. The circuit judge was right in nonsuiting the plaintiffs

New trial denied.