Shaw, C. J.
Assumpsit to recover the amount of a note given by one May, and guaranteed by the defendants.
An exception is now taken, that this guaranty should have been specially declared on. No such exception was taken at the trial; had it been, an amendment might have been made; the objection comes too late.
*156 The exception is also taken, that as the guaranty was a contract collateral to the note, a distinct consideration should be proved. There would be force in this objection, had the guaranty been made after the note had been made, delivered and received as a complete contract. But when the guaranty is made on the note before its delivery by the maker to the promisee, it must be deemed to be done for the benefit of the maker, to add to the strength of the note and to induce the promisee to take it and advance his money on it; and no other consideration is necessary than the credit thus given to the maker. And the guaranty being without date, and there being no direct proof of any time at which it was made, we think the court were right in leaving it to the jury, to find that the guaranty was simultaneous with the note itself. Benthall v. Judkins, 13 Met. 265.
Supposing, then, that'the defendants were regularly bound as guarantors, and thereby assumed an obligation somewhat differing from that of either sureties or indorsers, what was that obligation? This question has been much discussed, especially since the leading case of Oxford Bank v. Haynes, 8 Pick. 423. The principle to be deduced from that case, and the Pennsylvania case of Gibbs v. Cannon, 9 S. & R. 202, there cited with approbation and relied on, is this: Thht in order to maintain an action against a guarantor, a demand of payment must be made in a reasonable time of the principal, and notice of non-payment given to the guarantor; and if in consequence of want of such notice, the guarantor suffers loss, he is exonerated. Dole v. Young, 24 Pick. 250. The same prompt demand and notice, as are required to charge an indorser, are not necessary; and if the circumstances of parties remain the same, and the guarantor suffers no loss by delay, demand and notice at any time before action brought, will be sufficient. Babcock v. Bryant, 12 Pick. 133. Such being the obligation of the defendants, as guarantors, they would not be liable by the general law, without proof of demand and notice. But they have expressly agreed to waive demand and notice, and conventio legem vincit. The effect of that waiver is, to put the plaintiff in the same sitúa *157 tion as if he had proved that he seasonably demanded the money of the promisor, who did not pay it, and gave reasonable notice thereof to the defendants. In the absence of all proof on the part of the defendants, that they have suffered any loss by the laches of the plaintiff, the court are of opinion that this proof would entitle the plaintiff to recover.

Exceptions overruled