## PELHAM *vs.* ADAMS.

It is lawful for a bank to receive deposits, and to agree to pay interest on them.

Such a transaction, being lawful, standing alone, does not become unlawful because of the issuing of a certificate of deposit by the bank, payable with an interest of 5 per cent on demand, or 6 per cent if not called for in a year.

And the depositor may recover the money deposited, in an action upon the agreement, with interest from the time of the deposit.

ON the 18th of April 1851, the plaintiff deposited in the New-York State Bank, a bank owned and carried on by the defendant as an individual banker, at Durham, in the county of Greene, $470 to the credit of the depositor, payable on demand. Before the money was deposited, the plaintiff inquired of Almerin Marks, the acting cashier of the bank, whether interest was paid on money deposited there, and was told that 5 per

Pelham *v.* Adams.

cent was paid when the money was payable on demand, and 6 per cent if the money was left for one year. The cashier then gave the plaintiff a certificate in the following words and figures :

" $470.  ·                      New-York State Bank,
                              Durham, April 18, 1851.

William Pelham has deposited four hundred and seventy dollars in this bank to the credit of himself, payable on return of this certificate properly indorsed, with interest 5 per cent on demand, or 6 per cent if not called for in one year.
No. 916.  ·                      A. MARKS, Cashier."

On the 30th of October, 1851, payment of the money was demanded at the bank and was refused. An action was then brought, and on the trial, at the Greene circuit, before justice Parker, a verdict was taken in favor of the plaintiff for the sum deposited, with interest from the time of the demand, subject to the opinion of the court.

*D. K. Olney*, for the plaintiff.

*L. Tremain*, for the defendant.

*By the Court*, PARKER, J.  It was clearly lawful for the New-York State Bank to receive deposits and to agree to pay interest on them.  By the deposit, the relation of debtor and creditor was created.  If it had been a deposit without interest, the transaction would have been, in the language of Judge Cowen, (*Com. Bank of Albany* v. *Hughes*, 17 *Wend.* 100,) " a gratuitous loan ;" but being a deposit on interest it stood upon the same footing as any other loan upon interest.  The transaction itself, then, standing alone, was a lawful one.  Did it become unlawful, as contended by the defendant's counsel, because of the issuing of the certificate of deposit ?

The certificate was no necessary part of the transaction.  It was not an element in the creation of the indebtedness.  It was given only as evidence of the transaction.  The plaintiff would have had just as good a claim to recover back his money, if he

had depended upon the bank books for evidence of the trans-
action, instead of taking the certificate.

But it is insisted, against the right of the plaintiff to recover,
that the issuing of the certificate was a violation of the act of
1840, ch. 363, § 4, (*Laws of* 1840, *p.* 306,) which declares that
" no banking association or individual banker, as such, shall issue
or put in circulation any bill or note of said association or indi-
vidual banker, unless the same shall be made payable on demand,
and without interest." No case has gone so far as to hold that
an instrument like that in question, and issued for such an ob-
ject only, falls within the prohibition of the statute. In *Leavitt*
v. *Palmer*, (3 *Comst. R.* 19,) the paper declared void, though
called a certificate of deposit in an accompanying deed of trust,
was a promise to pay to the order of W. R. Cooke, twelve
months after date, with interest, for value received; and it was
plain, from the nature of the transaction, that the notes were
designed for circulation, and were, within the language of the
statute, an issue of the bank. In that case, forty-eight notes
of £1000 each were issued and covered by other securities.

So also the case of *Swift* v. *Beers*, (3 *Denio*, 70,) was a
promise by the North American Trust and Banking Company
to pay, sixty days after date, to the order of Messrs. Swift & Co.,
for value received, with interest, and the note was guarantied
by the defendant; and it was held void, as a violation of the
clause of the 4th section above quoted.

In the case of *The Bank of Orleans* v. *Merrill, Pres't*, the
Clinton Bank had issued a certificate of deposit, payable to the
order of S. B., at six months, with interest, of which the plain-
tiff was the indorsee, and it was held to be, in effect, a nego-
tiable promissory note, and a violation of the statute. *Safford*
v. *Wyckoff*, (1 *Hill*, 11,) and *Smith* v. *Strong*, (2 *Hill*, 241,)
were both cases of negotiable bills of exchange on time, and
were held also to be violations of the statute. In all these cases
the instruments were negotiable paper, and evidently issued for
circulation. In the present case, the certificate of deposit was
merely given as the more convenient evidence of a legal
transaction.

Pelham *v.* Adams.

But the question is not, in this case, as it was in all the others, I have cited, whether an action could be maintained on the certificate. This suit is not brought on the certificate, but on the deposit of the money, and the certificate is brought into court for the purpose of being canceled. It is not the depositing of the money on interest, or the loan of money, which is prohibited; but the "subsequent issue of a note or bill on interest." A legal transaction was performed and complete, before the act which is claimed to be illegal was commenced. If the prohibition in the statute applies to a certificate like this, given for no other purpose except as evidence of an agreement, it is such evidence only which is prohibited. If, therefore, the issuing of the certificate was illegal, which I by no means concede, the previous transaction being legal, can be enforced. In *Leavitt* v. *Palmer*, above cited, Bronson, J., said (*page* 34,) " the legal liability, on account of which the notes were issued, still remains ; but the notes themselves are void."

I think the plaintiff was entitled to recover the money deposited, and interest from the date of the deposit; but as interest was only claimed from the time of the demand, and the verdict was taken according to such computation, the plaintiff will take judgment according to the verdict.

[ALBANY GENERAL TERM, December 5, 1853. *Parker, Wright* and *Harris,* Justices.]