PURDY *vs.* PETERS and others, executors, &c.

When the party to whom a certificate of deposit has been issued, subsequently, for value, transfers it to another, who had no connection with and was ignorant of the circumstances attending its origin, and for value gives to his transferree a written guaranty of the payment thereof, expressing on its face a consideration, such transferree can recover on the guaranty, notwithstanding the certificate be invalid and void for matters dehors its face.

The principle of *Mann* v. *Eckford's Executors* (15 *Wend.* 502) held applicable to the case at bar.

The case of *Swift* v. *Beers* (3 *Denio*, 70) distinguished from the case at bar.

THIS was an appeal by the defendants from a judgment rendered upon the direction of one of the justices of this court, upon a trial without a jury, a jury having been waived. The action was brought upon a guaranty, by which the defendants' testator guarantied to the plaintiff and George Rapelye, as copartners, the payment of a certain certificate of deposit, payable two years after date, issued by the North American Trust and Banking Company to the said testator, and by him transferred to said Rapelye and Purdy. The defense was, substantially, that the certificate of deposit was illegal and void, and that therefore the guaranty also was void.

It was admitted, on the trial, 1. That John R. Peters, deceased, mentioned in the complaint herein, did, in his lifetime, and on or about the 28th day of February, 1840, at the city of New York, make and deliver to George Rapelye and John Purdy, in the said complaint mentioned, the instrument of guaranty therein mentioned. 2. That on the first and also on the fourth days of December, 1844, the certificate of deposit mentioned in the complaint was presented by said Rapelye and Purdy to the makers thereof for payment, and payment thereof was refused, and that notice of each of such presentments and refusals was, on the next day after the same occurred, respectively given to the said John R. Peters, he being still living. The plaintiff's counsel offered to read in evidence the instrument of guaranty mentioned in the

complaint, including the certificate of deposit, on which such guaranty was indorsed.  The defendants' counsel objected to the introduction thereof in evidence, on the ground that the said certificate was illegal and void on its face, and that no valid contract could arise thereon.  The court, however, overruled the objection, and the defendants' counsel excepted to such overruling.  The plaintiff's counsel then read in evidence the said instrument of guaranty, including the said certificate of deposit.  The same were as follows:

"North American Trust and Banking Company, New York.
    $2100.                                    No. 419.

This is to certify, that there has been deposited with the North American Trust and Banking Company by John R. Peters the sum of twenty-one hundred dollars, which sum the said company hereby engage to repay to the holder of this certificate, upon the surrender thereof, in two years from the date hereof, with interest at the rate of five per cent per annum.  New York, December 1st, 1839.

WALTER MEAD, Cashier.          J. D. BEERS, Pres't."

"In consideration of one dollar to me paid, I hereby guaranty the payment of the within certificate.  JNO. R. PETERS.
                                    STEBBINS & BROWNER."

The defendants' counsel further admitted, that on or about the 14th day of January, 1849, the said George Rapelye, by his deed poll, bearing date on that day, assigned to the plaintiff, John Purdy, all his (said Rapelye's) right, title and interest of, in or to the said certificate of deposit, and all moneys due or to grow due thereon, and all debts, dues, claims or demands whatsoever due or owing to the said Rapelye and Purdy, or in which they had any interest; also that afterwards, on the 18th day of April, 1850, the said George Rapelye departed this life.  The plaintiff's counsel then proved the amount of principal and interest to be $5134.03.  And he then rested the case, on his part.

The defendants' counsel having opened the case on his part

to the court, the plaintiff's counsel admitted, that on or about the ____ day of January, 184_, the North American Trust and Banking Company, mentioned in the complaint, the makers of said certificate of deposit being a corporation organized and existing under the act of the legislature, passed April 18th, 1838, entitled "An act to authorize the business of banking," having become insolvent, such insolvency was judicially ascertained, and a receiver of all its assets duly appointed, pursuant to the statute; that thereupon George Manning Tracy, a creditor of the said company, on behalf of himself and all other creditors thereof, who should come in and contribute to the expenses of the suit, brought a suit in the then court of chancery, before the then chancellor, against the said company, and the said receiver and other parties, for the purpose of having the debts and liabilities of the said company judicially ascertained, and its assets applied to the payment and discharge thereof; that in that suit the said Rapelye and Purdy presented the said certificate of deposit, and made claim thereon against the said company, and such claim was duly referred, according to law, to the referee, before whom the same, and the validity thereof, were contested and litigated, between the said Rapelye and Purdy, and the said receiver; and that upon such litigation the said referee decided and reported to the said court of chancery, that the said certificate was issued by the company contrary to the law; and that the said claim of Rapelye and Purdy was invalid; and that such decision and report were, on the 27th day of March, 1850, duly confirmed by the said court of chancery, without exception by the said Rapelye and Purdy.

The defendants' counsel offered John Purdy, the plaintiff, as a witness, who, being duly sworn, testified as follows: "I am the plaintiff in this action; the certificate in suit was received by Rapelye and Purdy, from John R. Peters, between the 1st day of December, 1839, and the 28th day of February, 1840; the certificate was handed to me for examination before I accepted it; on consulting counsel, I agreed to

take it with a guaranty of Mr. Peters, which was given, and I then accepted the certificate and guaranty; this occurred at my store; I remember I gave Mr. Peters a bond and mortgage for $2100, made by Mr. Warner; I think J. S. I. received the bond and mortgage originally from Mr. Peters himself, a year or two before." The witness continued: " I have held the certificate from that time to the present; after the decision in the suit in chancery, I met Mr. Peters and gave him notice of it; I suppose it was soon after the decision." Being cross-examined by the plaintiff's counsel, the witness said: " I am the plaintiff in this action; Rapelye and Purdy received the certificate of deposit in suit between the 1st day of December, 1839, and the 28th day of February, 1840; the guaranty was not on it when I first received it; the transaction occurred probably at No. 169 Front street, New York city; I do not exactly know whether Mr. Peters was in the city at the time of the delivery or not; he might have been; I gave Mr. Peters a bond and mortgage, made by J. S. Warner, for $2100, for the certificate; the bond and mortgage for $2100 was the consideration; I received that bond and mortgage from Mr. Peters himself; Rapelye and Purdy have held that certificate to the present time; I understand Peters was absent from the city at the time the certificate was made; the transaction between Peters and me was carried out between the years 1839 and 1840, and the certificate was delivered here in the city; I gave no formal notice to Mr. Peters, after the decision of the referees in the suit of *Tracy* v. *The North American Trust and Banking Company*, but met him several times in the street, and told him; this was shortly after the decision of the referees."

The counsel for the defendants, further to maintain and prove the issues on their part, called as a witness Robert Emmet, who testified as follows: " I was one of the referees in the case of *Tracy* v. *The North American Trust and Banking Company*, and the certificate in this action was produced on the reference."

Purdy *v.* Peters.

Question. Did it appear what was the origin of the certificate? The plaintiff's counsel objected to the question. The court overruled the same, and the plaintiff's counsel excepted to the ruling of the court. The witness said: "We decided that the certificate was invalid; that the bank had no power to issue such paper; it was proved before us, in that suit, that ten millions of these certificates were issued and sent to France, England and the south, for the purpose of purchasing cotton; my impression is that it appeared that Mr. Peters was a director in the bank, and that he went to the south as their agent, with a lot of these certificates, to purchase cotton, and that this certificate in question was among them."

The court decided, as a matter of fact, that the guaranty set forth in the complaint was executed and delivered as therein averred, and for a valuable consideration; that the certificate of deposit therein mentioned was presented for payment, and payment thereof refused, and notice of such presentment and non-payment given to John R. Peters, deceased, therein mentioned, in his lifetime, at the times and in the manner in the complaint stated; and that George Rapelye, therein mentioned, assigned to the plaintiff the guaranty and certificate, and afterwards departed this life, as in the complaint averred. The court also decided, as matter of law, that the guaranty in suit was valid, and binding upon the said John R. Peters, deceased, at the time of the making thereof, and is valid and binding upon his legal representatives. The court thereupon ordered judgment to be entered for the plaintiff, for $5134.03.

*H. P. Fessenden,* for the respondent. I. The certificate of deposit having been issued prior to the act forbidding the issue of post notes, and not being on its face intended to be loaned or put in circulation as money, is not illegal or void on its face, and is valid in the hands of a *bona fide* holder for value. (*Safford* v. *Wyckoff,* 4 *Hill,* 445. *Curtis* v. *Lea-*

*vitt*, 15 *N. Y. Rep.* 66–68.   *See* 1 *R. S.* 712, § 6;  *Laws of* 1840, *p.* 306, 63*d sess., ch.* 363, § 4.)

II. No competent evidence was given or offered on the trial, that the certificate was illegal or invalid by reason of any matter not appearing on its face.   (1.) It was admitted on the trial, that in a judicial proceeding between the receiver of the North American Trust and Banking Company and Rapelye and Purdy, the certificate was decided to have been issued by the company contrary to law, and to be invalid as a claim against them; but that decision is not, in this action, evidence against the plaintiff of the illegality and invalidity of the certificate, because it was made in a proceeding between different parties.   (1 *Greenl. Ev.* § 524.  *Hurst's Lessee* v. *McNeil,* 1 *Wash. C. C. R.* 70, 75.  *Lawrence* v. *Hunt,* 10 *Wend.* 82.)   (2.) For the same reason, the testimony of the witness Emmet was incompetent, and proved nothing. The defendant cannot use as evidence against the plaintiff any of the proceedings upon a former judicial inquiry into a matter at issue in the present action, unless they would themselves be bound by the result of such former inquiry.

III. But it is wholly immaterial, for the purposes of this action, whether the certificate be supposed to be valid or invalid, legal or illegal.   The guaranty sued on is no part of the certificate, nor collateral to it, nor made on the same or any part of the same consideration.   In *Swift* v. *Beers,* (3 *Denio,* 70,) the guaranty was given *to* the payee in the certificate as auxiliary to it, and to reinforce and secure it.   In the present case, the guaranty was given *by* the payee to an innocent third party, who bought and paid value for the certificate on the strength of it; and it is valid against the guarantor and his representatives, the defendants.   (*McKnight* v. *Wheeler,* 6 *Hill,* 492.  *Edwards* v. *Dick,* 4 *Barn. & Ald.* 212.  *Hussey* v. *Jacob, Comyn's Rep.* 4, 6; *S. C.* 1 *Salk.* 344; *Ld. Raym.* 87. *Bowyer* v. *Bampton,* 2 *Strange,* 1155.  *Lowe* v. *Waller,* 2 *Doug.* 744.  *O'Keefe* v. *Dunn,* 6

*Taunt.* 305, *per Gibbs, C. J. Chitty on Bills,* 109, 110, *marg. pag. Ord on Usury,* 107–109.)

IV. The action having been commenced against the defendant's testator in his lifetime, and having been continued by the order of the court against the defendants, costs are recoverable as in ordinary cases, without proof of demand, refusal, and offer to refer. (*Lemen* v. *Wood,* 16 *How.* 285. *Benedict* v. *Caffe,* 3 *Duer,* 669.)

*E. S. Van Winkle,* for the appellants. I. No action can be maintained on the instrument set forth in the complaint, the same having been, prior to the commencement of this action, declared null and void by a court of competent jurisdiction, the judgment therein being in full force, and not reversed.

II. The said instrument, being in violation of the laws of the state, was illegal and void. By section 1 of the act passed April 2d, 1829, entitled "An act to create a fund for the benefit of certain moneyed corporations, *and for other purposes,*" (1 *R. S.* 2d ed. 607,) it is enacted that "every moneyed corporation, having banking powers, *hereafter* to be created in this state, or whose charter shall be renewed or extended, shall be subject to the provisions of this act." By section 35 of the same act, (*Id.* 612,) it is enacted: "No moneyed corporations, subject to the provisions of this act, shall issue any bill or note of the said corporation, unless the same shall be made payable *on demand* and *without interest.*" Title 2, part 1, chap. 18, (*Id.* 591,) is entitled "Of moneyed corporations." Article 1, "Regulations to prevent the insolvency of moneyed corporations, and to secure the rights of their creditors and stockholders." By act 3 of same title, (*Id.* 601,) entitled, "Of the construction of this title," section 61 and section 62, it is enacted, "the term moneyed corporation, as used in this title, shall be construed to mean every corporation having banking powers, or having the power to make loans upon pledges or deposits, or authorized by law

to make insurances," and that the provisions of said title "shall be construed to apply to every moneyed corporation created, or whose charter shall be renewed or extended, (after January 1st, 1828,) unless such corporation shall be *expressly* exempted from the provisions of this title, in the act creating, renewing or extending such corporation." (*Leavitt, receiver,* v. *Yates et al.* 4 *Edw. Ch.* 136. *Leavitt, receiver,* v. *Blatchford and Murray,* 5 *Barb.* 9.) Associations formed under the general banking law, passed April 18th, 1838, are "moneyed corporations," and are within the meaning and subject to the provisions of the revised statutes relating to moneyed corporations." (*Thomas* v. *Danin,* 22 *Wend.* 9. *Warner* v. *Beers,* 23 *id.* 103. *The Supervisors of Niagara* v. *The People,* 7 *Hill,* 504. *Gifford, president,* v. *Livingston,* 2 *Denio,* 380. *Matter of the Bank of Dansville,* 6 *Hill,* 370. *Gillet* v. *Moody,* 3 *Comst.* 479. *Talmage* v. *Pell,* 3 *Seld.* 328. *Gillet* v. *Phillips,* 3 *Kern.* 114.) (1.) They are "moneyed corporations within the meaning of 1 *R. S.* 2d ed. 403, § 1, and as such are held liable to taxation. (*The Supervisors of Niagara* v. *The People,* 7 *Hill,* 504. *The People* v. *Assessors of Watertown,* 1 *id.* 616.) (2.) They are moneyed corporations within the meaning of 1 *R. S.* 2d ed. 593, §§ 9, 10, rendering invalid in law all transfers of corporate property in contemplation of insolvency, &c. (*Leavitt, receiver,* v. *Tylee and others,* 1 *Sandf. Ch.* 207.) (3.) They are subject to and are within the restrictions of the *restraining acts,* except as to such circulating notes as are countersigned, numbered and registered in the office of the comptroller; as to all other issues of negotiable paper, other restraining acts are in full force, and are applicable to these associations. (*Safford* v. *Wyckoff,* 4 *Hill,* 444, *Walworth, chancellor. Leavitt, receiver,* v. *Yates and others,* 4 *Edw. Ch.* 134. *Smith* v. *Strong,* 2 *Hill,* 241. *Safford* v. *Wyckoff,* 1 *id.* 11. *Sagory, receiver,* v. *Du Bois,* 3 *Sandf. Ch.* 466. *Boisgerard* v. *New York Banking Co.,* 2 *id.* 23.)

III. If, then, the instrument issued by the banking company is illegal and void, the guaranty is also void. (*Swift* v. *Beers*, 3 *Denio*, 70.) This was an action on an instrument promising to pay money at sixty days, with interest, issued by the N. A. T. & B. Co., and guarantied by Joseph D. Beers, and both note and guaranty were held to be void. So an *acceptance* of an illegal bill is also void. (*Haydon* v. *Davis & Hopkins*, 3 *McLean*, 277.) A certificate of deposit is, in effect, a negotiable promissory note. (*Bank of Orleans* v. *Merrill*, 2 *Hill*, 295.) So also a corporation bond. (*Atty. Gen.* v. *Life and Fire Ins. Co.*, 9 *Paige*, 470. See also *New Hope Delaware Bridge Co.* v. *Poughkeepsie Silk Co.*, 25 *Wend.* 648; *Bank of United States* v. *Owens and others*, 2 *Peters*, 527; *Cannan* v. *Bryce*, 3 *Barn. & Ald.* 179; *Clark et al.* v. *Protection Ins. Co.*, 1 *Story's R.* 122.)

*By the Court*, BARNARD, J. The points raised by the appellant, are—

1st. That on the facts as proved, the certificate of deposit is illegal and void.

2d. That on the facts as proved, the guaranty is also void by reason of the certificate of deposit being void.

The certificate of deposit is on its face a perfectly valid instrument. (*Curtis* v. *Leavitt*, 15 *N. Y. Rep.* 29, 83, 84, 295.) But, in the consideration of this case, we shall assume that the decision of the referees in the case of *Tracy* v. *The North American Trust and Banking Company*, adjudging the certificate in question to be invalid and to have been issued by said company contrary to law, is conclusive evidence both as against the plaintiff and defendant to this action on the question of the validity of the certificate. Our views as to the validity of the certificate, above expressed, do not impugn the decision of the referees, because, although the certificate may be valid on its face, yet it may be invalid and void by reason of matters dehors its face; and it would appear, from the testimony of Robert Emmet, that it was in

consequence of such matters that the referees came to the conclusion they did. But notwithstanding the concession that the certificate is void for matters dehors its face, yet the judgment must be affirmed.

This action is not brought on the certificate, but on a guaranty of its payment, in writing, expressing a consideration. This guaranty was given to Rapelye and Purdy on a sale and transfer of said certificate to them by the defendants' testator, they refusing to take said certificate without such guaranty; and upon such transfer with the guaranty, paying a valuable consideration therefor.

Rapelye and Purdy thus became the holders, for value, of the guaranty in question; and they can recover therein, notwithstanding the certificate be invalid and void for matters dehors its face.

There is no distinction, in principle, between this case and the case of *Mann* v. *Eckford's Ex'rs*, (15 *Wend.* 502,) where it was held that the plaintiff might recover on the guaranty of a bond void for usury.

Indeed, it is difficult to perceive upon what principle a man who, for a valuable consideration, sells and transfers to another any instrument or claim, and guaranties its payment, (the contract upon which the guaranty is given being subsequent to and different from the contract out of which the instrument or claim guarantied arose,) can be allowed when sued on the guaranty, in default of such payment, to set up as a defense that the party whom he guarantied should pay, was never liable. That would make the nature of a guaranty of payment to be, in all cases, this: "If the person who is principally liable to pay this, has no defense and does not pay, then I will pay; but if he has any defense, then I will not pay." This is clearly not the law. On the contrary, a guaranty of payment to one not a party to the instrument or claim guarantied, made upon a valuable consideration, or made under such circumstances as would work a damage to the party guarantied, is in effect a representation that the

instrument or claim is perfectly legal and valid, as well as an undertaking to pay it in case of default of the person primarily liable, and concludes the guarantor from questioning the liability of the party on such instrument or claim.

A guaranty, however, may be made under such circumstances as to render it equally invalid and void with the instrument guarantied. Thus, where as matter of fact the guaranty is given to the party to whom the instrument guarantied is given, both the guaranty and the instrument being given under and in pursuance of the very same contract— then there is, as a matter of fact, but one contract, the two instruments forming parts of it; and if one falls the other must necessarily go with it, as if, upon a usurious contract to loan money, the lender should stipulate that the borrower, to secure the loan and usury, should give his bond for the amount of the loan and the usury, with a guaranty of payment by a third person indorsed thereon. Such a guaranty would not be within the principle of the case of *Mann* v. *Eckford's Ex'rs*, but would be equally void with the bond. This constitutes the distinction between the case of *Swift* v. *Beers* and the case of *Mann* v. *Eckford's Ex'rs*. The present case falling within the principle of the case of *Mann* v. *Eckford's Ex'rs*.

In the case of *Swift* v. *Beers*, (3 *Denio*, 70,) the guaranty was given to the payee of the certificate, and the court held as matter of fact (undoubtedly correctly) that the guaranty and certificate in that case were given under and pursuant to the terms of the same entire contract, to the party who was the payee of the certificate.

They used the expression, "partook of the character of the principal contract." This expression is technically correct, because the guaranty, taken by itself, is a contract distinct from the certificate, the certificate being the principal contract. But the expression is capable of being misunderstood. It might lead to the supposition that the court intended to decide as matters of law that in all cases, if the instrument

guarantied is void, the guaranty is equally so. All the circumstances of that case, as well as the authorities cited by the defendants' counsel therein, show that the only point decided was, that in that particular case the guaranty given to the payee of the certificate, under the circumstances attending the giving of it, was as matter of fact part of *the contract under which the certificate was given*, and therefore partook of the character of the certificate, and was equally void with it. In this view of that case we coincide; but if it was intended to decide in that case, as matter of law, that if an instrument be void, a guaranty of its payment is *in all cases* also void, we must dissent from such a proposition. We have particularly adverted to the case of *Swift* v. *Beers*, because there is one point of similarity between that case and this, to wit: they are both actions brought on guaranties of time certificates of deposits, issued by the same company, and we deemed it proper to point out what, in our opinion, constituted the distinction between the two cases; which is, that in this case the plaintiff is the holder of a guaranty of payment made by the defendant to his assignees, upon assigning the certificate in question for a valuable consideration, the contract under which the guaranty was given being wholly distinct from the contract under which the certificate was given, and neither the assignees nor the plaintiff being parties to the certificate or the contract under which it was made; while in the case of *Swift* v. *Beers* the guaranty was made to the payees of the certificate, pursuant to the contract under which the certificate was issued to them; the guaranty and the certificate being given in pursuance of, and constituting parts of, the same entire contract.

The other cases cited by the appellants' counsel on this point will, on examination, appear to have been all decided on principles not affecting the case under consideration.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Leonard* and *Barnard*, Justices.]