## HOWELL v. ADAMS.

*Partnership — dissolution of firm — liability of withdrawing partner to dealer with firm receiving no actual notice — statute of limitations.*

Defendant and W. A. were partners doing business as bankers under the name and style of "The Suffolk County Bank." Plaintiff deposited money with such partners, taking a certificate of deposit issued in the name of the bank. Subsequently the firm was dissolved by defendant's withdrawal. Notice of dissolution was published six months in two local papers, but plaintiff received no notice thereof. Subsequently plaintiff made other deposits, taking certificates issued in the name of the bank. *Held*, that defendant was bound to give plaintiff actual notice of his withdrawal from the firm, and failing to do so, the partnership continued as to plaintiff.

The last certificate taken by plaintiff had, in addition to the name of the bank, the name of W. A., as banker. *Held*, no notice of defendant's withdrawal from the firm.

*Held*, also, that a change in the rate of interest, after dissolution, entered by W. A. in the certificates, did not discharge defendant's liability.

A certificate of deposit is not due until presented to the bank, and the statute of limitations does not run in it.

VERDICT for the plaintiff, subject to the opinion of the court at general term.

The action was brought to charge defendant as a partner with one William Adams, as individual bankers at Sag Harbor, N. Y., under the name of the Suffolk County Bank, upon three certificates of deposit issued by such bank and payable to the order of plaintiff, one for $800, dated February 18, 1863, one for $370, dated June 15, 1866, and one for $200, dated August 24, 1868.

At the time the first certificate was given, Grosvenor S. Adams, the defendant, was, and had been for about nine years, a partner in the bank. In 1865 he withdrew, and the partnership was dissolved. Notice of the dissolution was published in two Sag Harbor papers for six months, but was not given to plaintiff personally, and he never heard of it. It was not shown that, at the time of the dissolution, he had ever had any dealing with the firm other than making the single deposit of February 18, 1863.

The certificates were all in the same form and in the name of the Suffolk County Bank. The one last given had, however, immediately under the name of the bank, the words "Wm. Adams, Banker." The first and second certificates were signed "Wm. Adams, Prest.;" the last one "W. S. Havens, Cash."

Interest was paid several times on each certificate, on the first up to the year 1869, and on the others up to 1870. A change was made in the rate of interest after the dissolution of the partnership, and a memorandum of such change made by the partner, Wm. Adams, upon all the certificates.

The partner, Wm. Adams, died insolvent in 1870.

*George Miller*, for plaintiff.

*Wm. H. Wickham* and *Lyman Tremain*, for defendant.

BARNARD, P. J. The plaintiff was a dealer with the Suffolk County Bank during the time the defendant was a partner. He had business relations with the bank, by which a credit was raised on the faith of the copartnership. The defendant was therefore bound to give plaintiff actual notice of his retirement from the firm. As to plaintiff, the partnership continued down to the death of William Adams. There is nothing in the change of the heading of the last certificate to vary the rule. The old partnership name remained,

and under it was William Adams, Banker. This gives no notice of the retirement of the defendant from the business.

The statute of limitations has not run against the first certificate. The transaction was a deposit, and was not due until presentation of certificate at the bank. *Payne* v. *Gorden*, 29 N. Y. 146.

The change in the rate of interest by William Adams, after dissolution, did not destroy the contract. The change was made by the defendant. As to the plaintiff, the partnership continued.

It is lawful for a bank, carried on by a partnership, to receive deposits and agree to pay interest upon them. The transaction was simply a loan to the bank, and the certificate evidence of it.

If the certificate is void the debt remains. *Pelham* v. *Adams*, 17 Barb. 384; *Oneida Bank* v. *Ontario Bank*, 21 N. Y. 490.

*Judgment for plaintiff upon the verdict.*