Jones & Bro. v. Kuhn.

C. S. JONES & BRO. v. JULIUS KUHN.

1. INDORSEMENT; *Guaranty.* The indorsement of the names of strangers in blank upon the back of a certificate of deposit is *prima facie* evidence of a contract of guaranty, and this without regard to the negotiability of the certificate.

2. GUARANTY, *Consideration to Sustain.* Where the guaranty is made cotemporaneously with the certificate of deposit on which it is indorsed, it is not necessary that there should be a separate and distinct consideration to uphold the guaranty. The consideration upon which the certificate of deposit was executed is sufficient to sustain such guaranty.

3. DEFENSE, *Not Stated.* In such a case an allegation that the promise of guaranty was without consideration or benefit to the guarantors, does not state a defense to an action upon such promise.

*Error from Osage District Court.*

ACTION upon a certificate of deposit executed by the Osage City Bank, payable to the order of *Julius Kuhn*, and indorsed by the defendants *C. S. Jones & Bro.* The following is a copy of the instrument, and the indorsements thereon:

"No. 84.                    OSAGE CITY BANK, OSAGE CITY, KAS.,
                                              April 20, 1883.

Julius Kuhn has deposited in this bank four hundred and sixty-six and 5–100 dollars, ($466.05,) payable to the order of himself in New York exchange on return of this certificate properly indorsed, one year after date, at seven per cent. per annum.

$466.05.                    T. B. HASLAM, *Cashier*."

The certificate was indorsed as follows: "The Osage Savings Bank, by J. S. Danford, Pres't," and "C. S. Jones & Bro."

*C. S. Jones & Bro.* defended, and their answer, which was not verified, consisted of three counts. The first denied generally the allegations of the petition. The second set up immaterial matters antecedent to the execution of the written instrument sued on. In the third count it was alleged that the indorsement of the names of *C. S. Jones & Bro.* upon the back of the certificate of deposit was without consideration or benefit to the said *C. S. Jones & Bro.* The plaintiff replied by a general denial. At the October Term, 1883, the cause was submitted to the court for trial without a jury, when the plaintiff read his petition to the court, and without offering any evidence, rested. The defendants, *C. S. Jones & Bro.*, then offered testimony tending to sustain the allegations contained in the second and third counts of their answer excepting that part thereof which alleged that the plaintiff consented that *C. S. Jones & Bro.* were not to be bound or held by the indorsement on the certificate of deposit. The plaintiff objected to the introduction of this testimony, for the reason that it did not prove or tend to prove a defense to the plaintiff's cause of action. The court sustained the objection, and excluded the testimony. Judgment was then rendered against the *Osage*

*City Bank* as principal, and against the *Osage City Savings Bank* and *C. S. Jones & Bro.* as guarantors and sureties, for the sum of $466.05, being the principal of the certificate of deposit, with interest thereon from its date at seven per cent. per annum. *C. S. Jones & Bro.* excepted to the rulings of the court in excluding the testimony, and in rendering judgment against them, and have brought the case to this court for review.

*Ellis Lewis*, for plaintiffs in error.

*Smith & Solomon*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The certificate of deposit sued on in this case was executed by the Osage City Bank in favor of Julius Kuhn, and payable to his order in New York exchange, one year after date, with interest at seven per cent. per annum. At the time of its execution and delivery it was indorsed in blank by the defendants, C. S. Jones & Bro. The certificate contains words of promise like a promissory note, and is to be governed mainly by the rules applicable to promissory notes. There has been considerable discussion here regarding the negotiability of the instrument sued on, based upon the statement therein that it was payable in New York exchange, but this question is not necessarily nor properly in the case. C. S. Jones & Bro., having indorsed the instrument cotemporaneously with its execution, are liable thereon as guarantors, and not as·indorsers; and it is therefore unimportant whether or not it is negotiable. By the answer, the allegations in the petition of the execution of the certificate of deposit, and of the indorsement thereon, are admitted to be true. (Code, § 108.) And it has been held by this court that the indorsement of the names of third persons in blank upon the back of such an instrument is *prima facie* evidence of a contract of guaranty. (*Fuller v. Scott*, 8 Kas. 25 ; *Firman v. Blood*, 7 id. 496.) The questions presented by the plaintiff in error arise upon the rulings of the court in excluding any tes-

1. Indorsement;
   guaranty.

timony offered by them in support of the second and third counts of their answer. The second count failed to state a defense to the contract of guaranty indorsed upon the certificate of deposit. The allegations therein, like many things in the petition, were wholly immaterial and irrelevant to the issues of the case. They related only to antecedent matters, and to transactions between the parties prior to the making of the certificate of deposit, and the indorsement thereon, and which were settled and merged in that instrument. The court committed no error in excluding the testimony offered under that count.

The defense attempted to be set up in the third count of the answer is a want of consideration for the promise of guaranty. Of course the want of a sufficient legal consideration for the indorsement of the certificate, and the promise thereby made, would constitute a complete defense to the action; and if the allegations in that count of the answer properly allege a want of consideration, the refusal of the court to admit the testimony in support thereof would be error. The allegations of the count, after striking out that portion thereof which was abandoned by defendants, and upon which they did not desire to offer any proof, read as follows:

"For a third and further defense, the said C. S. Jones and Oliver H. Jones, copartners under the firm-name and style of C. S. Jones & Bro., defendants, say that the indorsement of the firm-name of said defendants upon the back of said certificate of deposit, as set out in plaintiff's petition, was without consideration or benefit to said defendants."

By this allegation the defendants impliedly admitted that their names were indorsed upon the certificate, as set forth in the plaintiff's petition. The allegation in the petition to which they refer is to the effect that at the time the certificate was made, and before its delivery, C. S. Jones & Bro. indorsed their names upon the back thereof, and thereby guaranteed the payment of the same to the plaintiff, Julius Kuhn. The guaranty being made cotemporaneously with the making of the

27 — 34 KAS.

certificate, it was not necessary that there should

**2. Guaranty, consideration to sustain.** be a separate and a distinct consideration, as would be the case if the contract of guaranty was subsequent to the principal transaction, and not for the benefit of the guarantor. The consideration upon which the certificate of deposit was executed is sufficient to sustain the written promise of guaranty which was indorsed upon the certificate before its delivery. In such a case the indorsement of guaranty is deemed to be given for the benefit of the maker of the instrument; and it is also considered that the promise gave credit to the maker upon the strength of the liability of those whose promise of guaranty was written upon the back of the instrument. (*Gillighan v. Boardman*, 29 Me. 79; *Campbell v. Knapp*, 15 Pa. St. 27; *Bickford v. Gibbs*, 62 Mass. 154; *Colburn v. Averill*, 30 Me. 310; *Manrow v. Durham*, 3 Hill, 584; *Purdy v. Peters*, 35 Barb. 239.)

It will be noticed that the only allegation in the answer concerning a failure of consideration, is that the contract of guaranty was not beneficial to the defendants, C. S. Jones & Bro. This was clearly insufficient to constitute a defense

**3. Defense, not stated.** under any theory of the case, as to constitute a valid consideration it was not necessary that C. S. Jones & Bro. should derive any benefit or advantage from the contract of guaranty. If the party to whom the promise was made has parted with something of value, has sustained some loss, or been put to any trouble, or has suffered some injury or inconvenience, it is sufficient to uphold the contract; and, as has been seen, if there was any consideration moving between the maker and payee of the certificate of deposit, it alone is sufficient to support the indorsement of guaranty.

It therefore appears that no defense was stated in the third count of the answer, and the court rightly excluded the testimony objected to. Judgment affirmed.

All the Justices concurring.