THE OSAGE CITY BANK v. C. S. JONES & BRO.

JUDGMENT, *Action on — Res Judicata — Principal Liable to Surety.* A judgment was obtained upon a time certificate of deposit against a bank issuing the same, and also against parties who indorsed the certificate as guarantors and sureties, and the relations and liabilities of all the parties were found and stated. Afterward, one of the guarantors and sureties was compelled to and did pay the judgment, and, later, brought an action against the bank, the primary debtor, to recover the amount paid upon the judgment. *Held,* That the consideration for the certificate and the relations and liabilities of the parties to the same were determined in the former action, and were not open to inquiry in the last action; and *further held,* that the bank was liable to the guarantor and surety for the amount paid in its behalf.

*Error from Osage District Court.*

ACTION on a judgment by *C. S. Jones & Bro.* against the *Osage City Bank.*. Plaintiffs had judgment, and defendant brings the case here. The opinion states the facts.

*H. B. Hughbanks*, for plaintiff in error.

*C. S. Martin*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: C. S. Jones & Bro. recovered a judgment for $792.93 against the Osage City Bank, at the April, 1889, term of the district court of Osage county. The action for recovery was based on a judgment obtained in 1883 by Julius Kuhn against the Osage City Bank as principal, and against

C. S. Jones & Bro. and another as guarantors and sureties. In their petition they alleged that the Osage City Bank issued a certificate of deposit in favor of Julius Kuhn, and payable to his order one year after date, with interest at 7 per cent. per annum, and that, in order to give the bank credit, C. S. Jones & Bro. indorsed their names on the back of the certificate, by which they guaranteed its payment; that afterward the Osage City Bank failed to pay the certificate, and that Julius Kuhn brought an action against the principal and also the guarantors and sureties, in which he recovered judgment against each and all of them for the sum of $536.11, and that C. S. Jones & Bro. were compelled to and did pay this judgment. The petition contained another count, seting up a certificate of deposit issued by the bank, and which had been assigned to C. S. Jones & Bro.; but as the court found that the bank was not liable, and denied any judgment thereon, the rulings made respecting the same have become immaterial.

The plaintiff in error claims that this action should be treated as having been brought upon the certificate of deposit, and seeks to raise questions as to the power of the officers of the bank to issue the certificate of deposit, and as to its liability as principal. These questions are not now open for investigation. Although the certificate of deposit is mentioned in the petition, it is manifestly set up as the basis of the judgment, which was specifically pleaded, and it appears that this action was brought upon the judgment rather than the certificate. That judgment, which was obtained in an action where all the present parties were before the court, determined the relations and liabilities of each to the other. In that action, it was determined that the Osage City Bank was liable as the principal, and that C. S. Jones & Bro. were liable as guarantors and sureties, and upon a review in this court that judgment was affirmed. (*Jones v. Kuhn*, 34 Kas. 414.) It was shown that C. S. Jones & Bro. were compelled to and did pay this judgment. As the bank was primarily liable for the same, C. S. Jones & Bro. were entitled to recover the amount

which they were required to pay for the bank, together with the interest thereon.

The questions so much argued by the plaintiff in error with respect to its want of authority to issue the certificate, and the consideration for the same, have all been settled in the former action, where all the interested parties were before the court, and the controversy cannot be renewed in this action.

The judgment of the district court will be affirmed.

All the Justices concurring.