## NELSON et al. v. HINCHMAN.

(Circuit Court of Appeals, Eighth Circuit.   November 10, 1902.)

### No. 1,731.

1. GUARANTY—VALUABLE CONSIDERATION—ORIGINAL OBLIGATION VOID.

   The owner and holder of municipal bonds that have been sold and delivered to him by the municipality or some previous owner, who subsequently sells the same to a third party for a valuable consideration, and as a part of the contract of sale guaranties their payment, may be held liable on his guaranty, if it subsequently transpires that the bonds were illegally issued and not enforceable against the municipality. Such a contract being collateral to the contract evidenced by the bonds, and made subsequently, and resting upon an independent consideration, the general rule of law, that whatever serves to discharge a contract and render it unenforceable against the principal debtor will render it unenforceable against his surety or guarantor, has no application.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

F. W. Lehmann (W. F. Boyle and H. S. Priest, on the brief), for plaintiffs in error.

George W. Lubke (Hugo Muench, on the brief), for the defendant in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

THAYER, Circuit Judge. This action, which was instituted by Charles S. Hinchman, the defendant in error, against Lewis C. Nelson and Henry M. Noel, the plaintiffs in error, was tried in the lower court without the intervention of a jury, and the trial judge found the facts specially. From such special finding it appears that on June 26, 1885, Hinchman, the plaintiff below, was the owner of certain bonds of the county of Leavenworth, state of Kansas, of the total value of $6,500, with interest accrued thereon at the rate of 7 per cent. per annum from March 1, 1887, and that Nelson & Noel, the defendants below, were the owners of four water bonds of the city of Dallas, state of Texas, of the total value of $4,000, which bore interest at the rate of 6 per cent. per annum, and were to mature on May 1, 1934. To each of the four bonds 48 coupons were attached, representing the interest to accrue thereon annually. The parties plaintiff and defend-

¶ 1. See Guaranty, vol. 25, Cent. Dig. § 7.

ant, on June 26, 1885, entered into an agreement for an exchange of bonds, which was as follows:

"Philadelphia, June 26th, 1885.

"Received of Chas. S. Hinchman, Esq. (Leavenworth County Kans. 7s), Nos. 64, 65, 66, 67, & 67–6 of $1,000 ea. & No. 31 for $500 $6500. with 7 % Int since Mch 1/77—coupon due Sept 1st 1877 on, for which we agree to pay you $7,702.50 in Bonds as follows:

"4000 Terrell Texas 7s at 95 flat.............. $3920
"4,000 Dallas Water 6s at 100 " .............. $4000

$7920

& difference in cash $217.50 to be paid to us. No 25 Terrell Tex 7s $1000. delivered, balance of Bonds to be sent to you by express charges paid.

"[Signed]                Nelson & Noel, of St. Louis, Mo."

"Sold to Charles S. Hinchman for our own a/c the following Bonds viz:

"$4,000 Texas City of Terrell Water 7s at 95 flat.
"$4,000   "      "     " Dallas Water 6s at par flat,

to be expressed to him by us from St. Louis to-day, charges prepaid. For value received we hereby guarantee the payment of principal and interest thereon to said Hinchman his heirs & assigns as the same fall due. Witness our hand & seals this 26th day of June A. D. 1885.

"6/26/85.                   [Signed]      Nelson & Noel. [Seal.]"

The bonds which were referred to in the above contract were exchanged in accordance with the terms of the agreement; but it subsequently transpired that under the laws of the state of Texas, as interpreted by its highest court, two of the bonds of the city of Terrell that were delivered under the agreement were utterly void and of no value, and that the remaining two bonds of the same class were illegal and not enforceable as respects 25 per cent. of the amount thereof. Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003. The bonds that were wholly invalid and those that were invalid in part not having been paid by the municipality, this action was instituted by Hinchman on the guaranty, and a recovery was allowed in the sum of $3,847.60.

As the case was tried without a jury, and as there is no bill of exceptions bringing the evidence before us, or any rulings of the court thereon, the sole question for determination is whether the special finding is sufficient to sustain the judgment. The substantial objection which is urged against a recovery appears to be that because no judgment could have been recovered by Hinchman against the city of Terrell on the bonds to which the guaranty relates, because they were invalid, therefore he cannot recover against the guarantors who stood as sponsors for their payment. In other words, the general doctrine is invoked that whatever serves to discharge a contract and render it unenforceable as against the principal debtor will render it unenforceable against his surety or one occupying a similar relation, like a guarantor. Tied. Com. Paper, § 423. Admitting the general doctrine to be as stated, it has, we think, no proper application to the case in hand. The guaranty here sued upon was not indorsed upon the bonds and executed contemporaneously with their execution and delivery by the municipality; nor is it one which rests upon the same consideration that moved from the original purchaser of the bonds to the city when they were delivered; but it is a separate and independent contract, made long afterwards, which rests upon a different

consideration. Nelson & Noel had acquired these bonds and had them in their hands for sale or exchange. To induce the plaintiff below to buy them and to give them currency in the market, they guarantied the payment of the principal and interest thereon. It was this guaranty, undoubtedly, that induced Hinchman to buy the bonds, giving in exchange the Leavenworth county bonds which he then owned, and the delivery of these latter bonds formed the consideration for the guaranty. The guaranty was a contract collateral to the agreement evidenced by the bonds; it having been made long afterwards for a valuable consideration that was in no wise tainted with illegality. Probably the guaranty was exacted because Hinchman was aware that the bonds, though apparently valid, by virtue of extrinsic facts attending their issuance that were unknown to him, might at some time prove to have been issued without the requisite authority to render them enforceable against the municipality. It was this risk of some unknown defense which he required the guarantors to assume, because they were doubtless better acquainted with the history of the bonds than himself; and by the guaranty they agreed to assume it. Neither party did anything wrong in entering into such a contract, and if it were now held that the guaranty is not enforceable because a judgment against the municipality cannot be obtained on the bonds, the very object which the purchaser had in view in exacting the guaranty would be defeated. Fortunately the authorities are abundant that a guaranty made under such circumstances as those disclosed in the special finding, after the bonds had been issued and were in the hands of an owner for sale, may be enforced against the guarantor, resting, as such a guaranty does, on an independent and valuable consideration in no wise connected with the original transaction, in the course of which the bonds were issued, although the bonds are invalid and not enforceable against the obligor. Purdy v. Peters, 35 Barb. 239, 248; Veazie v. Willis, 6 Gray, 90; Mason v. Nichols, 22 Wis. 376; Remsen v. Graves, 41 N. Y. 472; Jones v. Thayer, 12 Gray, 443, 74 Am. Dec. 602; Railroad Co. v. Smith, 27 Mo. App. 371, 378. An indorser of a negotiable note, when sued by his immediate indorsee or by a remote indorsee on his contract of indorsement, cannot defend successfully on the ground that, because of illegality of consideration or other reason, no recovery can be had against the maker; and no greater reason is perceived why the guarantors in the present instance, who also made a collateral contract to induce a sale of the bonds, should be permitted to make such a defense. Certainly no public policy is violated in holding them liable on the guaranty.

The judgment below was clearly for the right party, and it should be affirmed. It is so ordered.