Filed November 5, 1895.

---

No. 1,562.

## THE WESTFIELD GAS AND MILLING CO. *v.* THE NOBLESVILLE AND EAGLETOWN GRAVEL ROAD COMPANY.

CONTRIBUTION.—*Several Tort-Feasors*—The rule that there is no contribution or right of indemnity between joint tort-feasors does not apply where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability.

JUDGMENT.—*Against Several Tort-Feasors.—Liability of Each to Plaintiff.—Res Adjudicata.—Contribution.*—A judgment for plaintiff against two defendants sued as several tort-feasors is *res adjudicata* of the liability of each defendant to the plaintiff, in an action by one of the defendants to recover from the other the amount he has been compelled to pay under such judgment.

PLEADING.—*Complaint Embodied Within a Complaint.—Properly Before Court.*—The contents of a complaint in a former action, which are set out in full in the complaint in suit, and not merely attached thereto as an exhibit, are properly brought before the court, although the pending action is not founded thereon.

From the Hamilton Circuit Court.

*T. J. Kane* and *R. K. Kane,* for appellant.

*W. Fertig, H. J. Alexander, J. A. Roberts* and *M. Vestal,* for appellee.

VOL 13—31

GAVIN, J.—Appellee sued appellant averring that it had entered upon the line of appellee's turnpike and without leave or license constructed a deep open ditch or trench therein which it had carelessly and negligently left open and unguarded, upon January 2, 1889 ; that afterwards one Abernathy brought suit against appellee and appellant for damages for injuries received by reason of said trench being by them negligently and carelessly left unguarded and open ; that said appellant and appellee filed answers of general denial and went to trial which resulted in a judgment against both, a part of which appellee had paid.    For that sum this suit was brought.    This complaint was tested by demurrer.

The complaint in the former action was set out in full in this complaint, not merely attached thereto as an exhibit.    Its contents were thus properly brought before the court although the action was not founded thereon. *Knight* v. *Flatrock, etc., Tp., Co.*, 45 Ind. 134.

The complaint as it seems to us clearly and sufficiently shows that the recovery of the judgment resulted from appellant's wrongful act.    Under such circumstances, although both the parties might be liable to the injured party, as between themselves they were not *in pari delicto* and on well established principles, the appellant, who was the primary and active wrongdoer, can be compelled to make good to the appellee the loss thereby occasioned to it.    The rule that there is no contribution nor right of indemnity between joint tort-feasors does not apply to a case where one does the act or creates the nuisance and the other does not join therein, but is thereby exposed to liability.    *Westfield, etc., Co.* v. *Abernathy*, 8 Ind. App. 73 ; *Wickwire* v. *Town of Angola*, 4 Ind. App. 253 ; *McNaughton* v. *City of Elkhart*, 85 Ind. 384 ; *Churchill* v. *Holt*, 127 Mass. 165 ; *Gray* v. *Boston, etc., Co.*, 114 Mass. 149 ; *Inhabitants*

*of Lowell* v. *Boston, etc.*, *R. R. Corp*, 23 Pick. 23. Elliott Roads and Streets, section 656.

It was held in the decision of the main action *Westfield, etc., Co.* v. *Abernathy, supra*, that the parties to this action were as to Abernathy not joint but several tort-feasors.

Appellant by answer and by offers of evidence upon the trial sought to avoid responsibility by showing that it did not dig the trench and was not therefore liable to the plaintiff Abernathy in the former action. It insists that this question of its original liability is still open as between itself and appellee although adjudged and closed as between it and Abernathy.

To sustain their contention counsel rely upon the proposition announced by the authorities that "The party who invokes the doctrine of former adjudication, must be one who tendered to the other an issue to which the latter could have demurred or pleaded." *Jones* v. *Vert*, 121 Ind. 140 ; *Harvey* v. *Osborn*, 55 Ind. 535; *Leaman* v. *Sample*, 91 Ind. 236 ; *Armstrong* v. *Harshman*, 61 Ind. 52.

While this and similar statements of the law may doubtless be regarded as correct when taken in connection with the circumstances of the cases under consideration and in connection with the other language used, we cannot assent to the literal and far-reaching interpretation which counsel would give them, whereby they claim that as between the defendants nothing is settled but everything is left open for future litigation. On the contrary we are of opinion that while, in the absence of cross pleadings, the rights of the defendants as between themselves are not adjudicated, yet the fact of the liability of each to the plaintiff is adjudicated and determined both as between themselves and him and between each other.

If two parties are sued upon a note and judgment taken without cross pleadings, the question of who should pay the debt as between themselves is left open, but that both are liable to the creditor is adjudicated and can no longer be disputed even as between themselves. *Dewitt* v. *Boring*, 123 Ind. 4; *Bulkeley* v. *House*, 26 Atl. Rep (Conn.) 352; 62 Conn. 459; Freeman Judgments, section 158; *Lloyd* v. *Barr*, 11 Pa. St. 41; 2 Black Judgments, section 599.

According to the position taken by appellant, that "nothing was adjudicated between the defendants," it was open for appellant to dispute appellee's liability as well as its own, thus leaving the entire lawsuit to be again fought over. Such a position does not seem to us tenable.

The question of both appellee's and appellant's liability was directly in issue in the former cause and must be regarded as settled, but this does not, by any means, prevent the appellant from asserting that although both it and the appellee were in the wrong yet as between themselves there was no good reason why appellant should indemnify the appellee.

With these views of the law we find no cause for reversal.

Judgment affirmed.

DAVIS, J., does not participate.

Filed November 6, 1895.