[No. 14308. Department One. January 17, 1918.]

THE CITY OF SEATTLE, *Appellant*, v. C. J. ERICKSON,
*Respondent*.[1]

EVIDENCE—COMPETENCY—LEGAL CONCLUSIONS. In an action for personal injuries due to a contractor's failure to erect guards and barriers, a question as to whose duty it was to keep the ways open is properly excluded as calling for a legal conclusion.

WITNESSES—REFRESHING MEMORY—BOOK ENTRIES. A witness may not refresh his memory from entries in record books kept by others, where he had no knowledge of the facts recorded and did not know that the entries were correct.

JUDGMENT — RES JUDICATA — PARTIES CONCLUDED. In an action against a city and a contractor for personal injuries sustained through a defect in a street which the contractor was repairing, judgment against the city and exonerating the contractor is *res judicata*, and estops the city from recovering over against the contractor, notwithstanding the contractor's agreement to safeguard the street.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 17, 1917, upon granting a nonsuit, dismissing an action to recover over from a contractor the amount paid in satisfaction of a judgment for personal injuries sustained through a defective sidewalk. Affirmed.

*Hugh M. Caldwell* and *Frank S. Griffith*, for appellant.

*Corwin S. Shank* and *H. C. Belt*, for respondent.

FULLERTON, J.—In the year 1906, the respondent, as a public contractor with the city of Seattle, was engaged in the

[1]Reported in 169 Pac. 985.

work of regrading and improving Third avenue and certain cross streets in that city. The contract included University street between Second and Third avenues, and contained the following provisions:

"Fourth. The contractor will be required to observe all city ordinances in relation to obstructing streets, keeping open passage ways and protecting the same where exposed, maintaining signals, and generally to obey all laws and ordinances controlling or limiting those engaged on the works, and the said contractor expressly stipulates and agrees to erect and maintain good and sufficient guards, barricades and signals at all unsafe places at or near where the said work and improvement contemplated herein is to be done or made, and to indemnify and save harmless the city of Seattle from all suits and actions, of every name and description, brought against the said city for or on account of any injuries or damages received or sustained by any party or parties, by reason of the failure of said contractor to erect or maintain such guards, barricades or signals, or by or in consequence of any negligence of said contractor or his or their agents or employees, in carrying on said work, or by or on account of any act or omission of said contractor in the performance of said work."

One Mary Jones suffered a personal injury by reason of the condition of the sidewalk upon this section of University street. She brought an action for damages, joining the city and the contractor as defendants. A judgment of dismissal was entered as to the contractor, the respondent herein, and damages in the sum of $1,500 awarded against the city. This judgment was paid by the city, and, under a claim that the accident was due to the negligence of the respondent, the city instituted an action over to recover the sum for which it had been compelled to respond, together with interest. At the close of appellant's evidence, the respondent's motion for nonsuit was granted, and a judgment of dismissal entered. The errors assigned are based upon the exclusion of evidence, and the granting of a nonsuit because of the insufficiency of the evidence introduced.

When the city engineer of appellant was upon the witness stand he was asked: "Whose duty is it to keep the ways open for people to travel in getting in and out of their places of business and houses on streets that are undergoing grading operations?" The answer to this question was excluded as calling for a legal conclusion. The ruling was proper. The contract under which respondent was working for appellant was in evidence and showed the character of his duties and responsibilities.

The same witness was asked as to whether the contractor for the city was working upon University street between Second and Third avenues in July, 1908, the time of the injury for which the city had been mulcted in damages. The witness was unable to testify upon that point except by referring to books made by inspectors on the work acting under his charge and whose notes thus made were records of the city engineer's office. The witness was not permitted to refresh his memory from such records, and the exclusion of this evidence is claimed as error on the part of the court. It appeared that the witness had no knowledge of the fact except as it might be gleaned from the record entry. Conceding that a witness might refresh his recollection for the purpose of testifying in court by a reference to book entries made by another as part of the official records of the witness's office, there should at least accompany the offer of such proof a showing that the witness knew the entries to be correct. There was no such showing made in this case, and the authorities hold that knowledge of the correctness of entries is essential where it is sought to refresh the memory by reference to them. *Brotton v. Langert,* 1 Wash. 227, 23 Pac. 803; Jones, Evidence (2d ed.), § 877. But such book entries are to be used only for the purpose of stimulating recollection of matters within the previous knowledge of the witness, not for the purpose of giving him information which he may detail to the court as competent evidence while it is, in fact,

nothing more than hearsay. The rule as to this character of evidence is well stated by Lord Ellenborough in *Henry v. Lee*, 2 Chitty, 124:

"If upon looking at any document he can so far refresh his memory as to recollect a circumstance, it is sufficient; and it makes no difference, that the memorandum was written by himself, for it is not the memorandum that is the evidence, but the recollection of the witness."

In the present case, the witness, on his *voir dire* examination admitted he had no knowledge of a fact upon which he was asked to testify, but said he could tell by referring to a book whose entries had been made by another. This entire absence of knowledge on the part of the witness was to be substituted by knowledge acquired at the time under the guise of refreshing his memory. As is said by Wigmore on Evidence, vol. 1, § 758:

"These expedients for stimulating recollection may be so misused that the witness puts before the court what purports to be but is not in fact his recollection and knowledge. Such a result cannot be accepted as testimony; . . ."

See, also, Greenleaf on Evidence, § 436, where this principle is clearly stated. We think that the action of the court, under the circumstances appearing at the trial, was fully justified.

Contention is made that the court erred in dismissing the action with prejudice, upon respondent's motion therefor, on the ground that no negligence of the respondent had been disclosed by the evidence introduced on the part of the appellant. To establish the right of recovery over against the respondent as the one primarily liable for the injuries received by Mary Jones, the appellant introduced the contract between the city and Erickson for the improvement of the street where the accident occurred, with the claim filed against the city for the injuries, the judgment roll in the action of Mary Jones versus City of Seattle and C. J. Erick-

son, and the warrants showing payment of the judgment rendered therein. The judgment in that cause recited that:

"After the submission of the evidence on behalf of plaintiffs and defendants, said C. J. Erickson, defendant, having interposed a motion challenging the legal sufficiency of the evidence and the court having sustained said motion and having withdrawn the cause from the jury as to said C. J. Erickson . . . upon application of defendant C. J. Erickson for judgment against plaintiff upon his said motion, it is by the court hereby ordered and adjudged . . . that the said defendant C. J. Erickson do have and recover from said plaintiff his costs and disbursements herein to be taxed, and that said C. J. Erickson, defendant, go hence without day."

There was no evidence that the injury of Mary Jones was due to the negligence of respondent, other than an inference to be drawn from the fact that he had a contract for improving that street and that a judgment had been rendered against the city for an injury caused by a defective sidewalk within the limits covered by respondent's contract. The assumption that the faulty condition of the walk was due to the acts of respondent was not established by any specific evidence as to what the defect was, nor that the respondent was in charge of any work there on the date of the accident. The books kept by inspectors under the city engineer which might have shown the latter fact were not put in evidence, and the judgment roll introduced in evidence as the foundation of the city's action over against the contractor itself established that, in a joint action against both of them for negligence, the evidence failed to show the liability of the contractor and an affirmative judgment was given in his favor. There was no error on the part of the court in the present action in granting the motion for dismissal at the close of appellant's evidence and rendering final judgment in favor of respondent.

The defense of *res judicata* is not affirmatively set up in the respondent's answer, but is raised in his brief. It clearly

appears from the record that, in the prior action against the appellant and the respondent jointly for the negligent injury to Mary Jones, the respondent was affirmatively exonerated from liability and the appellant was held for the negligence. Consequently there is now an estoppel by judgment against the right of the appellant to assert that the respondent is liable over to it for the amount of the recovery in favor of Mary Jones. *Seattle v. Northern Pac. R. Co.,* 63 Wash. 129, 114 Pac. 1038. This judgment in evidence is sufficient in itself to overthrow any inference arising from the judgment and contract as to the possible liability of the respondent.

The appellant relies on the rule announced in *Sweeten v. Pacific Power & Light Co.,* 88 Wash. 679, 153 Pac. 1054, that "The cause of an accident, like any other fact, may be proven by circumstantial evidence." But proof that a judgment had been obtained against the city for the defective condition of a street which a contractor was engaged in improving would not be circumstantial evidence of the cause of the accident.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, MAIN, and PARKER, JJ., concur.