## TOWN OF FLAGSTAFF v. WALSH et al.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4580.

**1. Municipal corporations ⊂⊃348—Allegations in action on indemnity bond held not to charge contractor's attorneys with failure to properly protect interests of town.**

In an action by town on contractor's bond to indemnify it against liability for contractor's negligence, allegations of complaint *held* insufficient to charge contractor's attorneys with negligence in conduct of trial on behalf of town, or in failing to file bond on appeal for default of which town's appeal was dismissed.

**2. Municipal corporations ⊂⊃347(1)—Town entitled to hold contractor on indemnity bond only if personal injuries for which judgment was rendered were occasioned by contractors' negligence.**

Under bond indemnifying town against carelessness or neglect of contractor, his agents and employees, or workmen, the town can only require contractor and his surety to pay judgment for death of child occasioned by falling in manhole, upon showing carelessness or neglect on part of contractor or his agents or employees.

**3. Indemnity ⊂⊃14—Judgments against town and in favor of contractor, in action for death, held to estop town from asserting contractor's liability under indemnifying bond.**

Where death action against town and sewer contractor resulted in judgment against the town, which became final on dismissal of its appeal and final judgment for the contractor after reversal, such judgments conclusively estop town from claiming liability under bond indemnifying town against contractor's negligence, notwithstanding judgment for contractor was entered subsequent to judgment against town.

**4. Judgment ⊂⊃728—Operates as estoppel as to collateral issues actually litigated and determined.**

Where several defendants to litigation actually litigate and have determined controversies collateral to the principal issue, the questions so litigated and determined are settled thereby, and the judgment or decree may be relied upon as an estoppel by any party as against any other party.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by the Town of Flagstaff against William D. Walsh, individually and as the surviving partner of McLean & Walsh, and another. Judgment for defendants, and plaintiff brings error. Affirmed.

The town of Flagstaff, hereinafter referred to as plaintiff, entered into a contract on the 10th of May, 1919, with McLean and Walsh, hereinafter called the contractors, for the construction of a sewer. The contract contained the following covenant:

"And the said party of the first part for himself, his heirs, executors, and administrators, further covenants and agrees that he will well and truly save and indemnify and keep harmless the said town of Flagstaff against all liability, judgments, costs, and expenses, which may in anywise come against the said town or which may in anywise result from the carelessness or neglect of the said first party or his agents, employees, or workmen in any respect whatever."

The defendant United States Fidelity & Guaranty Company executed a bond to plaintiff guaranteeing the performance by McLean & Walsh of their contract.

While the work was in progress, Victoria Gomez, a child of tender years, fell in a manhole left open, and lost her life. Thereafter Victor Gomez father of the child, brought an action in the state court against the town of Flagstaff and the contractors, charging that the death of the child was due to their negligence, and claiming damages. At the first trial, he secured a verdict against all the defendants, on which judgment was entered. Separate appeals were taken by the town and the contractors. The town's appeal was dismissed because of its failure to file a cost bond on appeal, and the judgment against the contractors was reversed. Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A. L. R. 661. On a second trial, there was a verdict for the contractors on which judgment was entered.

The town made demand on the contrac-

tors and their surety for the payment of the judgment against it, and, on their refusal to pay, brought this action. After the defendants had answered, setting up their various defenses, the parties stipulated the above facts to be true, and passed up to the District Court the question of whether the judgment in favor of the contractors in the state court was a defense to this action. The court answered this question in the affirmative, and judgment was entered for the defendants. Plaintiff prosecutes this writ of error pursuant to a right reserved to it in the stipulation.

Kibbey, Bennett, Gust, Smith & Lyman, of Phœnix, Ariz., for plaintiff in error.

Sloan, Holton & Scott, of Phœnix, Ariz., and Ford, Bodkin, Watt & Herlihy and Henry G. Bodkin, all of Los Angeles, Cal., for defendants in error.

Before GILBERT, RUDKIN, and Mc-CAMANT, Circuit Judges.

McCAMANT, Circuit Judge (after stating the facts as above). [1] It is alleged in the complaint, with reference to the Gomez Case, "that the said McLean & Walsh, by their attorneys, assumed the control and direction of the trial of said cause; that the plaintiff herein advised the said McLean & Walsh and the court, before the trial of said cause, that the town of Flagstaff held an indemnity bond from the said McLean & Walsh as against any damages that might be recovered against said town in said cause, and that the town of Flagstaff desired only to protect the rights of the indemnitors; that said trial was conducted on behalf of the defendants in said cause by the attorneys for said McLean & Walsh."

The allegations fall short of a charge of negligence on the part of the contractors and their attorneys in failing to file a bond on appeal on behalf of the town. It is nowhere alleged that the town directed or authorized the contractors to appeal on behalf of the town or that the town arranged for a surety on an appeal bond and notified the contractors or their counsel to prepare and file the bond. This action is plainly brought on the contract of May 10, 1919, and the bond of United States Fidelity & Guaranty Company to assure its performance.

[2] The agreement of the contractors was to "indemnify and keep harmless the said town of Flagstaff against all ` * * judgments * * * which may in anywise come against the said town * * *

from the carelessness or neglect" of the contractors, their "agents, employees, or workmen." If plaintiff has any right to require the contractors and their surety to pay the Gomez judgment, the right arises from this covenant. A showing of carelessness or neglect on the part of the contractors or their agents is a condition precedent to a recovery by plaintiff.

Defendants contend that the judgment rendered in favor of the contractors in the Gomez Case is an adjudication binding on plaintiff that there was no such actionable carelessness or neglect on their part. Plaintiff contends that this judgment is not binding on plaintiff, because it was rendered subsequent to the judgment against plaintiff, and also because there were no cross-pleadings in the Gomez Case between the several defendants therein.

In support of its first contention, plaintiff cites Holt Manufacturing Co. v. Collins, 154 Cal. 265, 97 P. 516, 519, and Mohawk Oil Co. v. Layne (D. C.) 270 F. 841, 848. In the first of these cases a defendant had been dismissed as a party during the pendency of the action, and in the second a plaintiff had dropped out on exceptions to his joinder filed by the defendant. It was held that these parties were not bound by the judgment and decree thereafter entered. The facts in these cases are not parallel to the facts in the instant case.

[3] Plaintiff made a general appearance in the Gomez action. It knew the contentions advanced by all the parties thereto. It answered, participated in the trial, and undertook to appeal from the judgment against it. It is not relieved of the estoppel created by the final judgments by the circumstance that the judgment in favor of the contractors was entered subsequent to the judgment against the town.

The other contention of plaintiff is more plausible, but the clear weight of authority is with the defendants.

[4] It sometimes happens that there are controversies between the several defendants to a litigation collateral to the principal controversy. If these collateral matters are not litigated and determined in the original suit, the judgment or decree therein does not conclude the defendants as to these collateral matters. But it is a fundamental precept of the law of res judicata that the questions raised by the issues, actually litigated and determined by the judgment or decree, are settled thereby, and the judgment or decree may be relied upon as an estoppel by any

party as against any other party. These principles have been frequently applied to facts akin to those of the instant case.

In Westfield Co. v. Noblesville Co., 13 Ind. App. 481, 483, 41 N. E. 955, 956, 55 Am. St. Rep. 244, plaintiff sued to compel defendant to pay a judgment which Abernathy had recovered against both of them. Plaintiff established that, as between plaintiff and defendant, the defendant was ultimately responsible. The defendant sought to relitigate the question determined in the Abernathy litigation. The court said:

"We are of the opinion that while, in the absence of cross-pleadings, the rights of the defendants as between themselves are not adjudicated, yet the fact of the liability of each to the plaintiff is adjudicated and determined, both as between themselves and him, and between each other. If two parties are sued upon a note, and judgment taken without cross-pleadings, the question of who should pay the debt as between themselves is left open; but that both are liable to the creditor is adjudicated, and can no longer be disputed, even as between themselves. * * *

"According to the position taken by appellant that 'nothing was adjudicated between the defendants,' it was open for appellant to dispute appellee's liability, as well as its own; thus leaving the entire lawsuit to be again fought over. Such a position does not seem to us tenable. The question of both appellee's and appellant's liability was directly in issue in the former cause, and must be regarded as settled, but this does not by any means prevent the appellant from asserting that, although both it and the appellee were in the wrong, yet, as between themselves, there was no good reason why appellant should indemnify the appellee."

Seattle v. Erickson, 99 Wash. 543, 547, 169 P. 985, 986, grew out of an injury sustained by Mary Jones on University street, Seattle, while Erickson was performing a contract for its repair. She sued Erickson and the city. She secured a judgment against the city, but Erickson prevailed as against her, and a judgment was entered in his favor. This judgment was held to constitute a defense to the city's action against Erickson to compel him to reimburse the city. The court said:

"It clearly appears from the record that, in the prior action against the appellant and the respondent jointly for the negligent injury to Mary Jones, the respondent was affirmatively exonerated from liability, and the appellant was held for the negligence. Consequently there is now an estoppel by judgment against the right of the appellant to assert that the respondent is liable over to it for the amount of the recovery in favor of Mary Jones. * * * This judgment in evidence is sufficient in itself to overthrow any inference arising from the judgment and contract as to the possible liability of the respondent."

The above principles are also recognized by United States Fidelity Co. v. Haggart, 163 F. 801, 804, 91 C. C. A. 289; Wiggin v. St. Louis, 135 Mo. 558, 37 S. W. 528, 531; Kansas City v. Mitchener, 85 Mo. App. 36, 38–40; Kansas City v. Mullins, 200 Mo. App. 639, 209 S. W. 558, 559, 560; Osage Bank v. Jones, 51 Kan. 379, 32 P. 1096; Lawrence v. Milwaukee, 45 Wis. 306; Giblin v. North Wisconsin Lumber Co., 131 Wis. 261, 111 N. W. 499, 502, 120 Am. St. Rep. 1040; Boston & Maine Co. v. Sargent, 72 N. H. 455, 57 A. 688; Seattle v. Northern Pacific, 47 Wash. 552, 92 P. 411.

The questions raised and actually litigated in the Gomez Case were whether the several defendants therein were responsible for the death of Victoria Gomez. All parties were heard thereon, and the final judgments exonerated the contractors and charged the town. To the extent that the contractors were exonerated and the town was held, the judgments concluded the defendants for all purposes.

Plaintiff cites Owensboro v. Westinghouse, 165 F. 385, 91 C. C. A. 335. The conclusions reached in this case are predicated in part on an agreement executed by the parties during the pendency of the primary litigation. This contract is construed as obligating the contractor to pay any judgment ultimately recovered against the city in consideration of the city permitting the contractor to control the litigation on its behalf. In so far as the case supports plaintiff's contentions, it is out of harmony with the weight of authority.

Because of the previous adjudication, plaintiff cannot be heard to say that the death of Victoria Gomez was due to the carelessness or neglect of the contractors. Plaintiff sues on the contract and bond. As above pointed out, the contract requires proof of such carelessness or neglect as a condition precedent to a recovery.

It follows that the District Court did not err, and the judgment is affirmed.