### Petition of L. BOYER'S SONS COMPANY.

District Court, S. D. New York. July 12, 1927.

**1. Indemnity** ⬄13(1)—One held liable for personal negligence of another is entitled to indemnity from wrongdoer.

One who has been held liable for personal neglect of another in which he did not participate is entitled to indemnity from the primary wrongdoer.

**2. Judgment** ⬄704—Judgment in personal injury action is conclusive between codefendants as to plaintiff's right of recovery and damages.

In an action for personal injury against two defendants, both of whom participated in the trial, a judgment for plaintiff, though against one defendant only, is conclusive on the other as to plaintiff's right of recovery and the amount of his damages in a subsequent action against him by his codefendant for indemnity.

**3. Shipping** ⬄84(3½)—Owner of lighter held under no obligation to furnish ladders for passage of stevedore's men from discharging ship to lighter.

A general agreement between owner of lighter and stevedoring company that, whenever the latter discharged cargo into the lighter, it should stow the same and be paid therefor, *held* to impose no obligation on owner of lighter to furnish ladders for stevedore's men to pass from the ship to the lighter; such ladders being a part of the necessary equipment of the ship for delivery of cargo on the deck of the lighter.

**4. Shipping** ⬄84(3½)—Owner of lighter held not liable for injury to stevedore's employee from use of lighter's ladder, not furnished by it for such use.

A stevedoring company, in discharging a ship into a lighter, used a ladder furnished by the ship for passage of its men from one vessel to the other. One night the captain of the lighter, for his own convenience in going ashore, placed a ladder against the ship and left it there. Next morning the stevedore's men, instead of placing the ship's ladder, used the one so left, which broke, and one was injured, and recovered judgment against his employer. *Held*, that the owner of the lighter was not chargeable with negligence, and not liable over to the stevedoring company.

In Admiralty. In the matter of the petition of the L. Boyer's Sons Company for limitation of liability as owner of lighter No. 34, pursuant to the provisions of sections 4283 to 4286, Revised Statutes (46 USCA §§ 183–186 [Comp. St. §§ 8021–8024]). On consideration of claim of T. Hogan & Sons, Inc., sole damage claimant. Claim disallowed.

The claimant, a stevedoring company, was engaged by the owners of the steamship Stanley to discharge a cargo of sugar from the vessel, moored at the foot of Dock street, Long Island City. The petitioner, owner of the lighter No. 34, was engaged by the American Sugar Refining Company to lighter that part of the Stanley's cargo consigned to it from the vessel to its place of business. The lighter was made fast to the off-shore side of the Stanley, so as to receive the drafts of sugar as they were discharged over the side of the ship. The contract between the claimant and the owners of the vessel required discharge of the sugar onto the deck of the lighter. The claimant also agreed with the owners of the lighter to stow the bags by piling them in tiers after they had, pursuant to their contract with the owners of the ship, placed the bags on the deck of the lighter.

As the vessels lay, the deck of the lighter was considerably lower than the deck of the ship, so that it became necessary for the stevedores, pursuant to claimant's contract with the vessel, to go aboard the lighter from the deck of the ship by means of a ladder, in order to receive and unhook the drafts of sugar as they were lowered from the vessel. The day before the accident the stevedores used the ship's ladder, but on the following morning, when the men went to work, although this ladder was lying on the deck of the steamship close to the place where it had been hanging the day before, they found another ladder lashed to the ship's railing, which had

been placed there by the master of the lighter for his personal use in going ashore. Instead of again using the ship's ladder, the men used the ladder which they found in place. Three of them came down safely, but when the fourth man, Joseph Miller, who was heavier than the rest, stepped on one of the rungs in order to descend, the ladder tipped with him, causing him to lose his hold and fall to the deck of the lighter, and to suffer serious personal injuries.

Miller thereafter brought an action at law in the New York Supreme Court, Kings county, against his employer and the owners of the lighter, the claimant and the petitioner herein, to recover damages for his injuries. The jury there returned a verdict against his employer, T. Hogan & Sons, Inc., the claimant herein, for $22,500, and by their verdict exonerated the owners of the lighter, L. Boyer's Sons Company, the petitioner herein, from all liability. The judgments entered upon this verdict were affirmed in the Appellate Division, Second Department (206 App. Div. 708, 200 N. Y. S. 935), and in the Court of Appeals (237 N. Y. 541, 143 N. E. 734; 237 N. Y. 568, 143 N. E. 746), and after the denial of a petition for certiorari by the Supreme Court (264 U. S. 589, 44 S. Ct. 402, 68 L. Ed. 864) the claimant herein paid the judgment.

The claimant then sued the petitioner in the New York Supreme Court, New York county, to recover the amount paid in satisfaction of the judgment, together with counsel fees and other disbursements, aggregating in all $31,345.75. This proceeding was thereafter commenced to limit the liability of the owners of the lighter and to exonerate them from all liability, and the prosecution of the action brought by T. Hogan & Sons, Inc., in the state court was enjoined. T. Hogan & Sons thereafter filed a claim in this proceeding in the amount for which it had sued in the state court, and at the same time denied the right of the petitioner to limit its liability and the jurisdiction of the court.

E. C. Sherwood, of New York City (William L. O'Brion and Frederick W. Park, both of New York City, of counsel), for petitioner.

Platt, Field & Taylor, of New York City (Eli J. Blair, of New York City, of counsel), for claimant.

THACHER, District Judge (after stating the facts as above). The jurisdictional point has not been seriously pressed, and since the statute applies to lighters used on lakes or rivers, or in inland navigation (R. S. 4289; Act June 19, 1886, c. 421, § 4 [46 USCA § 188; Comp. St. § 8027]), and the proceeding was commenced in the district in which the owner of the lighter was sued (United States admiralty rule 54), the point may be passed without further comment.

At the outset the claimant is met by the assertion, as a bar to its claim, of the judgment in the suit brought by Miller in the state courts, where the petitioner was exonerated from liability to Miller and the claimant held liable for his injuries. Upon this question the decisions are in conflict, it having been held in the Sixth Circuit that the judgment in the original suit exonerating a codefendant does not bar another defendant, held liable in the original suit and compelled to pay the judgment from seeking indemnity from his codefendant, who was exonerated by the judgment. City of Owensboro v. Westinghouse (C. C. A.) 165 F. 385. The Circuit Court of Appeals for the Ninth Circuit holds that the judgment of exoneration in the original suit bars the suit for indemnity. Town of Flagstaff v. Walsh, 9 F.(2d) 590. Notwithstanding this conflict of decision, the Supreme Court refused to review the decision in the Ninth Circuit. 273 U. S. 695, 47 S. Ct. 92, 71 L. Ed. ——.

I do not find the question authoritatively settled in this state, but see the recent decision of the Appellate Division for the Fourth Department, in Erie R. R. Co. v. Buffalo & Lackawanna Traction Co., 220 App. Div. 520, 221 N. Y. S. 680, where some support is found for the rule in the Sixth Circuit. In support of the rule of the Ninth Circuit, see Kansas City v. Mitchener, 85 Mo. App. 36; Seattle v. Erickson, 99 Wash. 543, 169 P. 985; C. & W. I. R. Co. v. C. & S. C Ry. Co., 223 Ill. App. 578. George Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422, does not touch the point, because the defendant there sued for indemnity had been dismissed from the original suit before the evidence of its codefendant had been heard.

The question may depend upon the proper construction of section 264 of the New York Civil Practice Act, which provides that, where it is sought to have the judgment in an action determine the ultimate rights of two or more defendants, as between themselves, such determination must be demanded in the answer of the defendant seeking such determination, and the answer must be served upon the defendants to be affected by the determination before trial. Certainly this

court cannot give to a New York judgment wider scope than is given to it by local statute, and, since the question is one which does not appear to have been settled by any decision of the New York Court of Appeals, I think it should not be decided here, unless necessary to a proper disposition of this case. I do not think Fulton County C. & E. Co. v. Hudson River T. Co., 200 N. Y. 287, 93 N. E. 1052, determinative of the precise point here involved.

[1] Coming, then, to the merits, the principle upon which the liability here asserted must rest is that one who has been held liable for the personal neglect of another, in which he did not participate, is entitled to indemnity from the primary wrongdoer, a principle which tempers the rigor of the rule forbidding recourse between wrongdoers. Washington Gas Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Oceanic Steam Navigation Co. v. Compania Transatlantic Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685. The principle, although most often applied in favor of municipalities seeking indemnity for judgments recovered by persons injured on highways, is one of general application. George A. Fuller Co. v. Otis Elevator Co., supra. If, then, it was through the neglect of the petitioner that Miller was injured, the claim for indemnity is well founded, unless the plaintiff was a participant in petitioner's wrongdoing.

[2] Having had notice of the original suit, and having participated in the trial of it, the judgment rendered against the claimant concludes the petitioner as to the fact that Miller was injured, while using due care, by a fall from the ladder which was not sufficiently secure to bear his weight, and that he suffered damage to the amount for which recovery was had in the original suit. Chicago v. Robbins, 2 Black, 418, 17 L. Ed. 298; Boston v. Worthington, 10 Gray (Mass.) 496, 71 Am. Dec. 678. Inquiry is always open to determine the fault upon which indemnity must be predicated, and, unless it be shown that Miller's injury resulted from the petitioner's personal neglect of an obligation or duty owning either to him or to the claimant, the claim for indemnity must fail.

[3] The claimant endeavors to predicate an obligation to furnish safe means of access from the ship to the lighter upon the contract existing between the parties, pursuant to which the claimant undertook the work of stowing the sugar after it had been discharged from the ship onto the deck of the lighter.

But the only agreement between the parties was a general understanding that, whenever the claimant's men were engaged in the discharge of any vessel, they should properly stow all cargo discharged into lighters of the petitioner without special orders from the petitioner, and should receive the established price for such service. In this arrangement there was certainly no obligation expressed to furnish ladders for the claimant's men to go from ships being discharged onto petitioner's lighters.

Nor can such an obligation be implied in this case, because of the relations of the parties and the nature of the work with reference to which the contract was made, to wit, the discharge of the vessel's cargo onto the lighter and its proper stowage thereon. In this work the claimant was performing the function of the ship in removing the cargo from her holds and placing it upon the dock or upon the deck of the lighter. For the performance of this function all ships are equipped with the necessary rigging, tackle, and appliances, including ladders, by which the men engaged in the work may descend to the dock or the deck of the lighter alongside, whenever it is necessary for them to do so.

[4] In this case a perfectly safe and proper ladder was furnished by the ship, and used by the claimant's men on the day before the accident, and it was at hand when the accident occurred. It is not customary for lighters to carry such equipment, and it would be quite absurd to require them to do so. The ladder in question here was not furnished by the petitioner as part of the lighter's equipment. Without its knowledge or authority this ladder was used by the captain of the lighter for his own personal convenience in going ashore.

Nor can it be said to have been an appliance used in the performance of the contract between the parties. Under the contract between the claimant and the owners of the ship, it was necessary for its employees to go aboard the lighter in order to unsling the drafts of sugar discharged by means of the ship's tackle, and to place the sugar on the deck of the lighter. The service of these men, under the contract between the claimant and the petitioner, did not commence until all this had been done. So that the primary obligation to furnish a safe means of access from the ship to the lighter rested upon the claimant, not upon the petitioner.

The result is clear, I think, that no obligation, express or implied, was imposed by the agreement between the parties upon

the owner of the lighter to furnish a safe means of access from the deck of the ship to the deck of the lighter. It seems equally clear that no such duty was owing to the injured man, independently of the contract with his employer. The ladder in question was not furnished for his use, and under the circumstances of this case, and in view of the general custom and practice pertaining to the work, the duty to furnish a safe ladder rested upon the claimant, not upon the petitioner. It was for the breach of this duty that he has had his recovery in the state court, and it cannot be said that his injuries resulted from any fault of the petitioner.

Consequently the claim for indemnity fails, and the petitioner is entitled to a decree exonerating it from all liability.