THE CONNECTICUT BANK AND TRUST COMPANY *v.*
FREDERICK A. ZERING

CIRCUIT COURT                    FOURTEENTH CIRCUIT
FILE NO. CV 14-628-0002

Memorandum filed November 19, 1963

*Willis & Willis,* of Bridgeport, for the plaintiff.

*Shulansky & Cohn,* of Hartford, for the defendant.

STAPLETON, J.   On or about July 30, 1960, the defendant purchased a used 1960 Mercury automobile from Newman Comet Lincoln Mercury, Inc., of Hartford, Connecticut, for $2678.   The purchase was made by virtue of a conditional sale contract marked plaintiff's exhibit A.   See General Statutes § 42-83 (e).   The defendant made a down payment of $678 and purchased collision insurance for one year, only, for $136.   The finance charges amounted to $448.08, making the total time balance $2584.08. The defendant agreed to make thirty-six monthly instalments at the rate of $71.78 beginning September 15, 1960.   On that date, Newman Comet Lincoln Mercury, Inc., assigned all of its right, title and interest under and by virtue of said conditional sale contract to the plaintiff.   The defendant made eleven payments of $71.78, and thereafter, on or about August 11, 1961, the automobile was involved in a one-car collision and almost totally wrecked.

No evidence was submitted at the trial as to the cause of the collision.   The defendant voluntarily surrendered the wrecked car to the plaintiff, which received for it a salvage value of $159.29 and credited that amount against the outstanding balance.   The collision insurance, which had been written for only one year, had expired some eleven days prior to the accident, and consequently there could be no recovery from the collision carrier.

The defendant, in his special defense, asserts that the plaintiff, at its own expense and for its sole

benefit, maintained insurance coverage under the terms of which it collected from its carrier $1251.41 as the result of the damage to the Mercury automobile. The plaintiff in its rejoinder admits that it had insurance with Lloyds of London, Ltd., a foreign corporation licensed to do business in the state of Connecticut, but denied that the insurance was for its sole benefit.

Because the plaintiff was originally willing to settle its claim against the defendant, allowing him credit for the payment received from Lloyds of London, it is apparent that Lloyds of London is the real party in interest in this action, at least so far as the plaintiff seeks to recover from the defendant the amount of that payment, although the action is brought in the name of the plaintiff. Plaintiff, giving no credit for the moneys received from Lloyds of London, claims the entire balance due under the conditional sale contract, plus interest, plus attorney fees, for a total of $2063.67. Defendant claims that the plaintiff is entitled to receive $383.30, plus interest, and makes an offer of judgment for $392.63, which is approximately the amount which the plaintiff originally sought after the collision above referred to.

In order for the plaintiff to sustain its claim, there must be a right of subrogation in the insurance carrier to maintain this action and sue in the name of the insured. *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, 642. Ordinarily, an insurer indemnifies an insured against loss caused by the wrongful act of a third person and is subrogated to the rights of the insured against the third person on the equitable principle that the ultimate loss should fall on the one who, in good conscience, ought to bear it. *State* v. *Bloomfield Construction Co.,* 126 Conn. 349, 356.

In this case, however, there is no third person as such involved, plaintiff admits that it received the proceeds of insurance under a "Single Interest Contract Coverage," and this court finds that the insurance was written for the sole benefit of the plaintiff.

A contract of insurance covering single interest damage hazards, while similar to an automobile physical damage policy containing comprehensive or fire and collision coverage, differs in that it covers only the lender's interest after damage and default. Had the collision policy purchased by the defendant remained in effect and the damage been caused by a third person, the right of subrogation would have inured to the benefit of the carrier of that policy by virtue of its provisions, which undoubtedly contained the right of subrogation.

Plaintiff urges that the fact of insurance in this case is irrelevant, immaterial and in fact prejudicial, because the insurance company is not a party. As indicated above, the insurance carrier is the real party in interest here, claiming the right to recover as subrogee of the plaintiff, and since the plaintiff is asserting that right in behalf of the insurance carrier, it is incumbent upon the plaintiff to prove the right. *Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147, 153.

There appears to be no statute or Connecticut case decisive of the issue involved. We have, however, a regulation promulgated by the insurance commissioner of the state of Connecticut which appears to control the issue involved, and is binding on all carriers doing business in this state: "Where single interest coverage is written at the expense of the purchaser or borrower in connection with a finance or loan transaction, a clear and concise statement shall be furnished to the purchaser

or borrower, advising him that the insurance effected is solely for the interest of the dealer, finance factor or lender, and that no protection thereunder exists for the benefit of the purchaser or borrower. When single interest is written, the insurance company shall not be entitled to recover from the purchaser or borrower the amount of any claim payment made under the policy. Such single interest policies shall be clearly stamped or printed on title-page 'SINGLE INTEREST ONLY NO SUBROGATION.'" Conn. Dept. Regs., § 38-33-5. The first part of the regulation does not cover the situation involved. But the last two sentences are clear and concise and unqualifiedly state that there shall be no subrogation on any single interest policy. This court finds that the regulation is in full force and effect and that there can be no recovery by the plaintiff on behalf of the insured because of the prohibition contained in the regulation.

In view of the foregoing, this court finds it unnecessary to pass upon the defense of unjust enrichment and estoppel raised by the defendant.

Judgment, therefore, may enter for the plaintiff, in accordance with the offer of judgment on file, for the sum of $392.63, with costs only to the date of such offer.