**Beryl T. NICKERT, Executrix of the Estate of John Nickert, deceased, Plaintiff,**

**v.**

**PUGET SOUND TUG & BARGE COMPANY, a Washington corporation, et al., Defendants.**

**No. 7721.**

United States District Court,
W. D. Washington,
at Seattle.

Nov. 11, 1971.

---

**16.** *Cf.* Victory Carriers, Inc. v. Law, 404 U.S. 202, at 216, 92 S.Ct. 418, at 427, 30 L.Ed.2d 383 (1971).

Frank W. Draper, Detels, Draper & Marinkovich, Seattle, Wash., for Puget Sound Tug & Barge Co.

William A. Helsell, Helsell, Paul, Fetterman, Todd & Hokanson, Seattle, Wash., for General Motors Corp.

Jack P. Scholfield, Guttormsen, Scholfield & Stafford, Seattle, Wash., for San Diego Marine Construction Co.

## MEMORANDUM OF DECISION

BEEKS, Chief Judge.

Puget has moved for a partial summary judgment as to the defectiveness of the engine manufactured by General Motors. General Motors argues that the issue is still open as between the two remaining defendants, since a mistrial was ordered as to the claims among the defendants, and since the condition of the engine was put into issue by the Set B interrogatories. Puget contends that the matter is put to rest forever by the doctrine of collateral estoppel.

> It sometimes happens that there are controversies between the several defendants to a litigation collateral to the principal controversy . . . . [T]he questions raised by the issues, actually litigated and determined by the judgment or decree, are settled thereby, and the judgment or decree may be relied upon as an estoppel by any party as against any other party.

Town of Flagstaff v. Walsh, et al., 9 F. 2d 590, 591–592 (9th Cir. 1925), cert. denied 273 U.S. 695, 47 S.Ct. 92, 71 L. Ed. 844.

■■ The doctrine of collateral estoppel is employed to protect parties from the burden and unfairness of having to prove a second time facts which have already been established in earlier litigation, and to avoid unnecessary duplication of litigation in the courts. Williams v. Ocean Transport Lines, Inc., 425 F.2d 1183 (3d Cir. 1970); cf. Stella v. Graham-Paige Motors Corp., 259 F.2d 476 (2d Cir. 1958), cert. denied 359 U.S. 914, 79 S.Ct. 583, 3 L.Ed.2d 576. There are four prerequisites to its application: (1) that the issue was decided in a prior adjudication; (2) that a final judgment was rendered; (3) that the use of the doctrine would not work injustice; and (4) that the estopped party was an adversary or in privity with an adversary to the party later asserting estoppel. Town of Flagstaff, supra; Lucas v. Velikanje, 2 Wash.App. 888, 471 P.2d 103 (1970), petn. denied 78 Wash.2d 994.

■ As to the issue of the motor being defective, unreasonably dangerous, and a cause of the fire, this is about as strong a case for the application of collateral estoppel as I can imagine. Neither party has denied that this issue was resolved by the jury's answers to the Set A interrogatories, nor that final judgment thereon has been entered. General Motors has not convinced me that the application of the doctrine would work an injustice.

There was adversity of the most vigorous nature at all stages of the proceedings. Puget most vigorously contended that the defective engine was a cause of the fire; General Motors just as vigorously contended to the contrary. Both parties argued, not only to disprove plaintiff's allegations, but to discredit each other's contentions as well. I have never witnessed, nor can I conceive of, a factual dispute litigated more ably and presented in greater detail than was done on this issue in this case.

The Court will enter partial summary judgment in favor of Puget on the issue of whether the defective engine was a cause of the fire.

As to the remaining paragraphs of Puget's motion for summary judgment, the elements necessary to sustain the application of the doctrine are absent. In the interests of justice, therefore, the Court feels that the balance of Puget's motion should be denied.