[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The parties at argument stipulated that Count No. 4 of the Complaint could be stricken and that Count No. 7 has to be withdrawn.
An issue in dispute was Item No. 4 of the Prayer for Relief seeking "Attorney's fees and costs." The defendant acknowledged the recoverability of attorneys' fees provided there was a demonstration of punitive damages. The CT Page 4209 plaintiff's position that paragraph No. 4 of her Prayer for Relief may be withdrawn, provided she is allowed to submit legal fees and costs related to her allegations of vexatious litigation in Count No. 5, appears to be supported byVandersluis v. Weil, 176 Conn. 353, at 357, (1978). InVandersluis, in addressing the issue of an excessive verdict stemming from a vexatious suit, the Supreme Court approved the submission of attorneys' fees and related costs of the vexatious suit to the jury.
The defendants' claim that attorneys' fees are not allowed to a successful party unless statutorily provided is supported. Chrysler Corp. v. Maiocco, 209 Conn. 579, 590
(1989). It is fundamental that attorneys' fees may not be awarded without a prior written agreement or statutory authority. State v. Bloomfield Construction Co., Inc.,126 Conn. 349 (1940). Nevertheless, this court is bound byVandersluis which has apparently carved an exception in complaints of vexatious litigation.
Count No. 6 raises the cognizability of Conn. Gen. Stats., § 31-49 in light of General Statutes § 31-289(a). Section 31-49 essentially requires . . . "[T]he master to exercise reasonable care to provide for his servant a reasonably safe place in which to work . . . and competent persons as his co-laborers. . . ." Section 31-284(a) exempts employers from civil actions for damages on account of personal injuries sustained by employees who are covered by the Act.
Count No. 6 is an assault upon the employer's shield from employees' claims — the exemption from employees injured in the course and scope of their employment. A similar assault was made and litigated in Perille v. Raybestos — Manhattan —Europe, Inc., 196 Conn. 529 (1985). Suffice that in Perille,
our Supreme Court held that "The Workers' Compensation Act and § 31-49 thus co-exist in our statutory law, each to apply where appropriate." A lengthy dissertation on the histories of each of these statutes can be found in Perille.
This court is sympathetic with the Perille concurrence (Shea, Justice, p. 544), which declared in part "As I am confused by the rationale of the majority opinion for the continuing viability of General Statutes § 31-49 after enactment of the Workers' Compensation Act. . . ." CT Page 4210
The plaintiff's allegations in Count No. 6, paragraph thirteen, that the "defendants' actions constituted negligent employment practices in violation of Conn. Gen. Stat. Sec. 31-49" does not vitiate the employer's protection of the Workers' under the Compensation Act.
Where the case at trial is clearly within the scope of the Workers' Compensation Act, § 31-49 provides no basis for the action asserted by the plaintiff. See Perille, p. 543.
If the plaintiff is to prevail at common law against her employer, she must set out those specific allegations as required under Mingachos v. CBS, Inc., 196 Conn. 91 (1985); and Jett v. Dunlap, 179 Conn. 215 (1979). Count No. 6 in its present form is absent such allegations. The bald allegation of negligent employment practices is insufficient to trigger the application of § 31-49, supra.
The motion to strike Count No. 6 is granted. Because the other matters were either withdrawn or agreed to between the parties, no further explanations are required.
So Ordered:
Arthur L. Spada, J.